Anthony LUCERO, Plaintiff–Appellant,

v.

Frank GUNTER, Director, Colorado Department of Corrections; Bob Furlong, Warden, Limon Correctional Facility; Captain Nordeen; Samu Endre; G. Hochstadter, Sergeant, Defendants–Appellees.

No. 93–1324.

United States Court of Appeals, Tenth Circuit.

March 2, 1994.

---

Submitted on the briefs: *

Anthony Lucero, pro se.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Timothy R. Arnold, Deputy Attorney General, Gregg E. Kay, First Assistant Attorney General, Simon P. Lipstein, Assistant Attorney General, Tort Litigation Division, Denver, Colorado, for defendants-appellees.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff Anthony Lucero, appearing pro se, appeals the district court's dismissal of some issues and grant of summary judgment as to the remaining issues in his civil rights complaint. 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff is an inmate at the Limon Correctional Facility, which is part of the Colorado Department of Corrections ("DOC"). On October 22, 1992, DOC officials asked Plaintiff to submit to a urinalysis for drug testing. In response, Plaintiff asked whether he was under criminal investigation and asked to speak with his attorney before producing a urine sample. The prison officials denied the request and insisted that Plaintiff submit to a urinalysis. Plaintiff refused to comply.

DOC officials subsequently charged Plaintiff with "disobeying a lawful order" and served Plaintiff with a notice of charges on November 4, 1992 at 5:15 p.m. A disciplinary hearing was originally scheduled for November 5, 1992 at 3:45 p.m.; however, the hearing was rescheduled for November 20, 1992, in order to provide Plaintiff with twen-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the deter-

mination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

ty-four hours notice of the charges filed against him as required by prison policy and to afford Plaintiff the opportunity to consult an attorney. At the November 20, 1992 disciplinary hearing, DOC officials found Plaintiff guilty of disobeying a lawful order and ordered Plaintiff to serve ten days in punitive segregation and assessed eighteen days loss of good time credits.

On February 3, 1993, Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in district court. Count I of the complaint alleged that prison officials violated Plaintiff's Fourth, Fifth, and Sixth Amendment rights when they requested that he submit to a urinalysis. Count II of the complaint alleged prison officials violated Plaintiff's due process rights by failing to provide Plaintiff with a notice of charges twenty-four hours prior to his disciplinary hearing. Defendants moved to dismiss Count I and moved for summary judgment as to Count II. The district court adopting the magistrate's findings and recommendations, granted Defendants' motions for dismissal and summary judgment, and this appeal followed.

## I.

■ Plaintiff contends the district court erred in dismissing Count I of his complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The sufficiency of a complaint is a question of law which we review de novo. *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986). In reviewing the dismissal of a pro se litigant's complaint under Fed. R.Civ.P. 12(b)(6), we liberally construe the plaintiff's pleadings, presume all of plaintiff's well-pleaded factual allegations are true, and view the allegations in the light most favorable to the plaintiff. *Hall v. Bellmon,* 935 F.2d 1106, 1109–10 (10th Cir.1991). When a complaint alleges a constitutional claim under § 1983, the constitutional claim "should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir.1989) (quoting *Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir.1988)),

*cert. denied,* 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990).

### A.

■ Plaintiff first argues that prison officials' requests that he submit to a urinalysis constituted an unreasonable search under the Fourth Amendment. Because Plaintiff did not submit to the urinalysis, we must first determine whether Plaintiff's Fourth Amendment rights were nevertheless implicated because he was punished for his refusal to submit to the urinalysis. Although no court has addressed this issue with regard to prisoners, several courts have held that a government employee may properly raise a Fourth Amendment challenge to an employer's order to undergo a urine screen when adverse consequences follow if that order is not obeyed. *See Jackson v. Gates,* 975 F.2d 648, 653 (9th Cir.1992) (firing of public employee after his refusal to submit to urinalysis sufficient to maintain Fourth Amendment challenge to the test), *cert. denied,* —— U.S. ——, 113 S.Ct. 2996, 125 L.Ed.2d 690 (1993); *Everett v. Napper,* 833 F.2d 1507, 1511 (11th Cir.1987) (Fourth Amendment challenge properly raised when employee's continued employment was contingent upon submission to a search); *see. also Egloff v. New Jersey Air Nat'l Guard,* 684 F.Supp. 1275, 1279 (D.N.J.1988) (Fourth Amendment challenge properly raised when refusal to submit to urine test would end plaintiffs' tenure with the National Guard).

In the instant case, Plaintiff suffered adverse consequences by failing to submit to a urinalysis in that DOC officials charged Plaintiff with disobeying a lawful order and assessed punitive segregation and loss of good time credits. Because of these adverse consequences and in light of the government employee cases, we hold that Plaintiff may properly raise a Fourth Amendment challenge to the request for a urinalysis.

■ We must next determine whether the request that Plaintiff submit to a urinalysis violated Plaintiff's Fourth Amendment rights. A urinalysis constitutes a search for purposes of the Fourth Amendment and therefore must be conducted in a reasonable

manner. *See Spence v. Farrier,* 807 F.2d 753, 755 (8th Cir.1986); *see also Schmerber v. California,* 384 U.S. 757, 767–68, 86 S.Ct. 1826, 1833–34, 16 L.Ed.2d 908 (1966) (holding blood testing for alcohol content a search). In determining whether a search of a prisoner is reasonable, we must "[balance] the significant and legitimate security interests of the institution against the privacy interests of the [prisoner]," *Bell v. Wolfish,* 441 U.S. 520, 560, 99 S.Ct. 1861, 1885, 60 L.Ed.2d 447 (1979), and give prison administrators "wide-ranging deference in [their] adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 547, 99 S.Ct. at 1878.

■ The unauthorized use of narcotics in a detention center by inmates does pose a serious threat to prison officials' ability to maintain institutional security. *Cf. Block v. Rutherford,* 468 U.S. 576, 588–89, 104 S.Ct. 3227, 3233–34, 82 L.Ed.2d 438 (1984) (indicating the unauthorized use of narcotics is a problem in many penal and detention centers). Consequently, prison officials have a "significant and legitimate" interest in preventing unauthorized drug use among prison inmates. We therefore hold that the random urine collection and testing of prisoners is a reasonable means of combating the unauthorized use of narcotics and does not violate the Fourth Amendment. *See Forbes v. Trigg,* 976 F.2d 308, 313 (7th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1362, 122 L.Ed.2d 741 (1993); *Spence,* 807 F.2d at 755; *see also Ramey v. Hawk,* 730 F.Supp. 1366, 1370 (E.D.N.C.1989); *Storms v. Coughlin,* 600 F.Supp. 1214, 1221 (S.D.N.Y.1984). However, in the instant case, the record is insufficiently developed for us to determine whether the request was based on random selection or was otherwise permissible under the Fourth Amendment as applied to prisoners. Thus, because it is not obvious to us that Plaintiff "could prove no set of facts in support of his claim that would entitle him to relief," *see Dunn,* 880 F.2d at 1190, the district court erred in dismissing Plaintiff's Fourth Amendment claim under Fed. R.Civ.P. 12(b)(6) and we must remand to the district court for further proceedings as are necessary.

### B.

■ Plaintiff next claims that the request for a urine sample violated his Fifth Amendment right against self-incrimination because "a dirty urine sample" could potentially subject him to criminal prosecution. We disagree.

The Fifth Amendment only protects against compelled testimonial facts disclosed by an individual. *See Fisher v. United States,* 425 U.S. 391, 408–09, 96 S.Ct. 1569, 1579–80, 48 L.Ed.2d 39 (1976). The Supreme Court has held facts disclosed by a blood sample tested for alcohol content are not "testimonial" and therefore do not implicate the Fifth Amendment's protection against self-incrimination. *Schmerber,* 384 U.S. at 761, 86 S.Ct. at 1830. Like blood testing for alcohol, we conclude urine samples used for drug testing constitute nontestimonial evidence and therefore do not implicate Plaintiff's Fifth Amendment right against self-incrimination. *See Nat'l Treas. Employees Union v. Von Raab,* 816 F.2d 170, 181 (5th Cir.1987), *aff'd in part, vacated in part on other grounds,* 489 U.S. 656, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989). As a result, we reject Plaintiff's Fifth Amendment claim.

### C.

We likewise reject Plaintiff's claims that DOC officials should have advised him of his *Miranda* rights prior to requiring him to submit to a urinalysis. Because Plaintiff cannot assert a Fifth Amendment privilege in refusing to submit to a urine test, DOC officials were not required to advise him of his *Miranda* rights. *See, e.g. South Dakota v. Neville,* 459 U.S. 553, 564 n. 15, 103 S.Ct. 916, 923 n. 15, 74 L.Ed.2d 748 (1983) (indicating choice of whether to submit to blood test enjoys no *Miranda* protection); *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) (indicating *Miranda* warnings are intended only to insure that Fifth Amendment protections against self-incrimination are not violated). Furthermore, *Miranda* warnings are not a constitu-

tional right, and an officer's failure to issue *Miranda* warnings cannot form the basis of a civil rights claim. *See Bennett v. Passic,* 545 F.2d 1260, 1263 (10th Cir.1976).

### D.

Plaintiff next asserts that under the Sixth Amendment, prison officials should have allowed him to consult with an attorney before he submitted to a urinalysis. The Sixth Amendment right to counsel does not attach until the initiation of formal adversary criminal proceedings "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972); *see also United States v. Gouveia,* 467 U.S. 180, 188, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984). Here, Plaintiff was asked to submit to a urinalysis before the beginning of formal adversary criminal proceedings. Thus, Plaintiff's Sixth Amendment right to counsel was not implicated when he was asked to submit to a urinalysis. We therefore conclude the district court properly dismissed Plaintiff's Fifth and Sixth Amendment claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

### II.

Plaintiff also contends the district court erred in granting summary judgment as to Count II of his complaint. We review the grant or denial of summary judgment de novo. *Eaton v. Jarvis Products,* 965 F.2d 922, 925 (10th Cir.1992). Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *Id.* We view the evidence and draw any inferences therefrom in the light most favorable to the party opposing summary judgment. *Id.*

Plaintiff claims that the charges brought against him should have been dismissed because double jeopardy prevented the disciplinary hearing officer from continuing his disciplinary hearing to a later date. Plaintiff also claims that DOC officials violated his due process rights by failing to provide him with notice of charges twenty-four hours prior to his disciplinary hearing.

We reject Plaintiff's first claim that the doctrine of double jeopardy prevented the continuation of his disciplinary hearing until November 20. Prison disciplinary hearings are not part of a criminal prosecution, *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974), and therefore do not implicate double jeopardy concerns, *see Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) (application of the double jeopardy clause is limited to proceedings which are "essentially criminal").

We also reject Plaintiff's claim that DOC officials violated his right to due process. Prison officials must provide prisoners with minimum due process in a disciplinary hearing. *Wolff,* 418 U.S. at 556, 94 S.Ct. at 2974. Prisoners who are punished by the loss of good time credits must receive: (1) written notice of the charges brought against an inmate at least twenty-four hours before the hearing, (2) the opportunity to call witnesses and present evidence at the hearing, and (3) a written statement of the factfinder as to the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 564–66, 94 S.Ct. at 2978.

Our review of the record indicates that Plaintiff was afforded all of the due process protections required by *Wolff.* There is no evidence that Plaintiff was required to defend himself in a hearing less than twenty-four hours after receiving notice of the charges pending against him. Rather, the record indicates that Plaintiff was served with a notice of charges on November 4, 1992 at 5:15 p.m., and although Plaintiff's hearing was originally scheduled for November 5, 1992 at 3:45 p.m., DOC officials rescheduled the November 5 hearing until November 20, 1992 in order to give Plaintiff the proper twenty-four hour notice and afford Plaintiff the opportunity to consult an attorney. Plaintiff was also allowed to present evidence at the hearing and received a written statement of the evidence relied upon and the reason for the disciplinary action taken. Thus, the district court properly granted De-

fendant's motion for summary judgment as to Count II.

We AFFIRM the district court's dismissal of Plaintiff's Fifth and Sixth Amendment claims, and also AFFIRM the district court's grant of summary judgment as to Plaintiff's due process claim. We REVERSE the district court's dismissal of Plaintiff's Fourth Amendment claim and REMAND for further proceedings consistent with this opinion.