38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Victor Manuel CHEVERE, Plaintiff-Appellant,
v.
Jerry JOHNSON; Stephen Kaiser; Rick E. Peters; Jim Keith;
Bob Affolter, Defendants-Appellees.
 No. 93-6281.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Plaintiff Victor Manuel Chevere, appearing pro se, appeals the district court's order granting the Defendants' motion for summary judgment in his 42 U.S.C.1983 action. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). On August 13, 1992, Plaintiff filed this 1983 action against Defendants. In his complaint, Plaintiff alleged that between July 1991 and June 1992, DOC officials violated his First and Eighth Amendment rights by filing three misconduct charges against him and firing him from his position as editor of the inmate newsletter in retaliation for assisting other inmates with lawsuits and grievances against prison officials. Plaintiff also alleged Defendant Affolter conducted a search of his cell, removed a Puerto Rican flag and a ceramic crucifix from the wall, stepped on the flag several times, and "then broke the crucifix by allowing it to fall to the floor and chip."
 
 
 3
 On November 2, 1992, Defendants filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss supported by a court-ordered Martinez report. After receiving a district court order notifying him that the motion would be treated as a motion for summary judgment, Plaintiff filed a "Pro Se Response to Defendants' Motion for Summary Judgment" on November 24, 1992. On July 29, 1993, the district court adopted the magistrate's findings and recommendations and granted summary judgment in favor of Defendants. This appeal followed.
 
 
 4
 On appeal, we construe Plaintiff's brief to raise only the following issues: (1) whether the district court erred in granting summary judgment in favor of Defendants as to Plaintiff's Eighth Amendment claims, and (2) whether Defendants are entitled to qualified immunity.[3] Because our resolution of Plaintiff's Eighth Amendment claims forecloses consideration of Plaintiff's qualified immunity issue, we only address Plaintiff's Eighth Amendment claims. We review the district court's grant of summary judgment de novo. Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir.1994). Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Id. We review the evidence and draw any inferences therefrom in the light most favorable to the nonmoving party. Id.
 
 I.
 
 5
 Plaintiff first claims that Defendants' searches of his cell constituted a violation of his Eighth Amendment rights. Although Plaintiff makes a number of general allegations of harassing cell searches, Plaintiff points only to Defendant Affolter's cell search with specificity. The Eighth Amendment protects prisoners from searches conducted only for "calculated harassment." Hudson v. Palmer, 468 U.S. 517, 530 (1984). In determining whether prison officials' conduct violates the Eighth Amendment, the conduct "must be, objectively, 'sufficiently serious,' " Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and cause the prisoner to suffer the unnecessary and wanton infliction of pain. Id.
 
 
 6
 Applying these principles to searches of prison cells, courts have determined that frequent and retaliatory cell searches which result "in the violent dishevelment of [the prisoner's] cell" and cause the prisoner to suffer "fear, mental anguish, and misery" constitute an Eighth Amendment violation. Scher v. Engelke, 943 F.2d 921, 924 (8th Cir.1991), cert. denied, 112 S.Ct. 1516 (1992). For example, in Scher, a prison official conducted searches of a prisoner's cell ten times in nineteen days in retaliation for the prisoner's efforts "to blow the whistle on a corrupt guard." Id. at 923-24. Under these egregious circumstances, the Eighth Circuit concluded that the "frequent retaliatory cell searches, some of which resulted in the violent dishevelment of [the prisoner's] cell," constituted an Eighth Amendment violation. Id.
 
 
 7
 On the other hand, when a prisoner has not been subjected to frequent cell searches, courts have generally refused to find an Eighth Amendment violation. In Vigliotto v. Terry, 873 F.2d 1201 (9th Cir.1989), an inmate brought a 1983 action alleging that prison officials had violated his Eighth Amendment rights by conducting several harassing searches, one of which involved the confiscation of legal materials. On appeal, the Ninth Circuit noted that although the plaintiff made several general allegations of harassing searches, only one search could be substantiated and that "a single incident is insufficient" to constitute an Eighth Amendment violation. Id. at 1203; see also Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J.1993) (no Eighth Amendment violation where plaintiffs did not allege defendants "repeatedly" searched their possessions).
 
 
 8
 In the instant case, as in Vigliotto, Plaintiff makes several general allegations of searches of his cell, none of which have been substantiated. Moreover, of these allegations, the only one described with any specificity concerns Defendant Affolter's search in which he allegedly stepped on a Puerto Rican flag and allowed a crucifix to fall to the floor. Even if true, this single incident is insufficient to establish an Eighth Amendment violation. See Vigliotto, 873 F.2d at 1203. We therefore conclude the district court did not err in granting Defendant's motion for summary judgment as to Plaintiff's cell search claim.
 
 II.
 
 9
 Plaintiff also claims Defendants filed false and retaliatory disciplinary charges against him in violation of the Eighth Amendment. Despite Plaintiff's contentions, there is nothing in the record to suggest that the disciplinary reports contained false information when filed by DOC officials. Moreover, the record indicates that these reports were dismissed by prison officials and no disciplinary penalties were assessed against Plaintiff as a result of the reports. Viewing this evidence in the light most favorable to Plaintiff, we conclude Plaintiff did not suffer any constitutionally cognizable harm. Cf. Lucero, 17 F.3d at 1349 (prisoner suffered constitutionally cognizable harm when he was assessed punitive segregation and loss of good time credits following prison official's request for urinalysis). Thus, the district court did not err in granting summary judgment in favor of Defendants as to Plaintiff's retaliation claim.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Plaintiff also raised the following issues in his complaint to the district court: (1) Defendants filed disciplinary reports against him which were not supported by substantial evidence, and (2) Defendants failed to "promulgate any rule, regulation or policy designed to protect Plaintiff's First Amendment Rights." However, we are not presented with these issues in this appeal. We therefore do not address them