39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John H. CHAMBERS, Plaintiff-Appellant,
v.
Phyllis BACHICHA, individually and in her official capacity,
Mark E. Mckinna, individually and in his official capacity,
Ben Griego, individually and in his official capacity, Sandy
Hendricks, individually and in her official capacity, Gloria
Green, individually and in her official capacity, and James
J. Moore, individually and in his official capacity,
Defendants-Appellees.
 No. 93-1233.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 Before MOORE, SETH, and TACHA, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 John H. Chambers, a prisoner at the Limon Correctional Facility of the Colorado Department of Corrections (DOC), brought this action under 42 U.S.C.1983 alleging the violation of certain constitutional rights. Mr. Chambers claims that DOC officials acted to deny his Fifth Amendment right against self-incrimination as well as his right to due process and equal protection under the law. This he asserts took place when they reduced the amount of earned time for which he would otherwise be eligible from ten days per month to seven days because of his refusal to admit he was a sexual offender. This admission was required to participate in the Sexual Offender Treatment Program (SOTP) to earn good time that Appellant was referred to by Appellee Phyllis Bachicha, a case manager.
 
 
 4
 The district court, upon the recommendation of the magistrate judge, granted Appellees' motion to dismiss apparently under Fed.R. Civ. P. 12(b)(6). The court concluded that Appellant had no constitutional right to future good time or earned time credit opportunities, and that Appellant's Fifth Amendment claim must fail because of the confidentiality of prison records.
 
 
 5
 On appeal, Mr. Chambers contends that the district court erred in its dismissal of his complaint. His initial complaint was filed pro se; he has since been appointed an attorney who joins him on appeal. We review a dismissal under Rule 12(b)(6) de novo confining our review to allegations in the complaint and accepting the facts pleaded as true. Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.). In reviewing the dismissal of a pro se complaint we view all factual allegations in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.). A constitutional claim under 1983 "should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Lucero v. Gunter, 17 F.3d 1347, 1349 (10th Cir.) (quoting Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.).
 
 
 6
 Appellant was convicted in 1985 of aggravated robbery, attempted theft, and habitual criminal activity. He was sentenced to a thirty-nine year term of imprisonment. In November 1983, he had been charged with first degree sexual assault. One month later the charges were dismissed without prejudice.
 
 
 7
 Appellee Phyllis Bachicha conducted a review of Appellant's inmate file and made a determination that he was earning good time deductions to which he was not entitled because he had not participated in sex offender treatment. Appellant was then asked to fill out a questionnaire upon which a determination could be made as to whether he was a candidate for treatment in SOTP. After review of Appellant's responses, the sex offender treatment team announced that Appellant was not a candidate for treatment because he would not admit to the dismissed assault charge of 1983.
 
 
 8
 Colorado law provides that prisoners incarcerated in that state may receive ten days of earned time per month under certain conditions. See COLO. REV. STAT. 17-22.5-405 (1994). Appellee Bachicha determined that because Appellant would not admit to the sexual assault charges and thus could not participate in sex offender therapy, he was not entitled to receive all ten days per month as he had done before. It is this decision that forms the basis of Mr. Chambers' complaint.
 
 
 9
 At the outset, we must determine whether Appellant has stated a constitutionally based claim cognizable under 1983. Appellant contends that the denial of future earned time credits, under the circumstances of this case, violates his Fourteenth Amendment right to equal protection of the law in that other prisoners receive maximum earned time credit (ten days) without participation in the program. In addition, Appellant contends that his due process rights were violated in that he was not afforded a fair procedure prior to the summary removal of his opportunity to receive earned time credits.
 
 
 10
 We limit our analysis of these issues to whether Appellant has asserted an interest to which he has a legitimate constitutional claim. "To state a claim under 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States...." West v. Atkins, 487 U.S. 42, 48. Section 1983 is not a source of substantive rights, but provides a method to vindicate federal rights conferred elsewhere. Albright v. Oliver, --- U.S. ----, 114 S.Ct. 807, 811. Consequently, Appellant must identify the infringement of a constitutional right. Id. The interest that underlies Appellant's equal protection and due process claims is essentially the award of earned time credits. It is established that generally there is no constitutional right to good time or earned time credit. Wolff v. McDonnell, 418 U.S. 539, 557. However, a protected liberty interest can arise in earned time where a state statute does not afford prison officials discretion in the awarding of such time. Olim v. Wakinekona, 461 U.S. 238, 249; Williamson v. Jordan, 797 P.2d 744, 747-48 (Colo.). The reasoning behind this is that the denial of mandatory earned time credits would deprive a prisoner of a liberty interest because the credits would move forward his mandatory release date. Id. Consequently, we turn to the provisions of the Colorado statute at issue to ascertain whether prison officials are vested with discretion regarding the award of earned time.
 
 
 11
 Colorado Revised Statute 17-22.5-405 provides that "[e]arned time, not to exceed ten days for each month of incarceration or parole, may be deducted from the inmate's sentence...." (Emphasis added.) We conclude that use of the term "may" provides a discretionary basis regarding an award of earned time. Because there is no substantive limitation on official discretion, there is no basis upon which this statute may be interpreted to create an entitlement or liberty interest for purposes of the Due Process Clause. See Olim v. Wakinekona, 461 U.S. 238 (no liberty interest present where state officials retain discretion regarding prisoner location). Similarly, since we determine that there is no constitutionally protected right to Appellant's earned time credits, his equal protection claim must additionally fail because absent deprivation of a constitutionally protected right Appellant presents no cognizable claim under 1983. Atkins, 487 U.S. at 48.
 
 
 12
 We turn next to Mr. Chambers' contention that the Fifth Amendment's protections against self-incrimination are triggered by the requirement that Appellant admit to the sexual offense in order to participate in SOTP. The Fifth Amendment provides in relevant part that no person "shall be compelled in any criminal case to be a witness against himself." The magistrate judge found that because DOC Administrative Regulation 950-5 (1991) provides that medical, psychiatric, and other information contained in the file is confidential, and may not be released absent the inmate's written consent or court order, Mr. Chambers' Fifth Amendment claim is without merit. Appellant contends that for purposes of the regulation, a prosecutor's subpoena duces tecum to the DOC is a court order. Thus, the confidentiality provision is illusory in light of the prosecution's subpoena power.
 
 
 13
 We agree with the analysis of the district court that there is no evidence presented by Appellant that the confidentiality provision of Regulation 950-5 has been or ever will be breached. Further, we add that it is also dispositive of our inquiry that there is no compulsion for Fifth Amendment purposes. It has long been recognized that "[t]he [Fifth] Amendment speaks of compulsion." Minnesota v. Murphy, 465 U.S. 420, 427 (quoting United States v. Monia, 317 U.S. 424, 427). As recited above, Appellant has no right to earned time. The fact that prison officials refuse to confer a portion of the potential monthly earned time merely constitutes the denial of a privilege, and is thus not a compulsion to testify for purposes of the Fifth Amendment. See Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir.) (no constitutional or inherent right to the privilege of parole).
 
 
 14
 In sum, we agree with the district court that there is no constitutional right to good or earned time credit. Accordingly, Appellant's due process and equal protection claims based upon the denial of earned time are not cognizable in a 1983 action. Further, Appellant's contention that his Fifth Amendment privilege against self-incrimination was violated is meritless in light of the confidentiality provision of Regulation 950-5 and the fact that Appellant has not been adequately compelled for purposes of the Fifth Amendment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470