46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herman Junior ReVELLO Junior, Plaintiff-Appellant
v.
Segeant Carl HANSEN, and Chief Ronald Blasko, Defendants-Appellees.
 No. 94-1357.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Herman Junior ReVello, Jr., appeals the dismissal of his civil rights action filed pursuant to 42 U.S.C.1983. We affirm the dismissal of his First and Eighth Amendment claims but reverse and remand his due process claims for further proceedings.
 
 
 3
 Mr. ReVello brought this action against two officials of the Adams County Detention Facility, where he was incarcerated at the time of the events giving rise to this complaint. On March 8, 1994, prison officials searched Mr. ReVello's cell and confiscated a tatoo pin made from a pencil and a toothbrush sharpened into a shank. On the same day, officials filed three disciplinary charges against him resulting from the search and notified Mr. ReVello of the charges in writing.
 
 
 4
 At the March 15 hearing, Sergeant Carl Hanson, the disciplinary hearing officer, noted that Mr. ReVello resided in cell B-226 whereas the report stated that the contraband was discovered in cell B-228. On this basis, Sergeant Hanson said that he would recommend a finding of not guilty.
 
 
 5
 The prison's disciplinary rules provide for a three-day waiting period between the time of the hearing and the final disposition of the case. During those three days, Sergeant Hanson investigated the cell number discrepancy and concluded that it was a clerical error. Sergeant Hanson interviewed the reporting officer, who recalled seeing mail addressed to Mr. ReVello in the cell in which she discovered the contraband. Based upon this and other corroborating information, Sergeant Hanson sent a memorandum to Division Chief Ronald Blasko recommending a guilty verdict against Mr. ReVello and a punishment of six days of lockdown. Chief Blasko approved the recommendation.
 
 
 6
 Mr. ReVello filed this action against Sergeant Hanson and Chief Blasko, alleging that they violated his right to due process under the Fourteenth Amendment by failing to afford him a hearing on the actual charges. Mr. ReVello also asserted First Amendment and the Eighth Amendment violations. The district court, upon recommendation of the magistrate, dismissed the complaint for failure to allege facts that would support any claim for relief.
 
 
 7
 To comport with due process, a prisoner facing a disciplinary hearing must receive: (1) notice of the charges against him at least twenty-four hours prior to the hearing; (2) an opportunity to call witnesses and present evidence; and (3) a written statement by the hearing officer as to the evidence relied on and the reasons for the disciplinary action taken. Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir.1994). Mr. ReVello has not alleged deficiencies in the first or third requirements. Construing his complaint liberally, however, we are persuaded that Mr. ReVello has made allegations as to the second requirement sufficient to preclude dismissal. Although Mr. ReVello waived his right to call witnesses at his hearing, we can not tell from the record on appeal whether Mr. ReVello had a sufficient opportunity to present evidence at his disciplinary hearing. The record only reveals that the hearing officer noted the discrepancy in the cell numbers and stated that he would recommend a not guilty finding. We do not know whether Sergeant Hansen noticed the discrepancy prior to Mr. ReVello's defense or whether the discrepancy constituted that defense. If the former is true, then Mr. ReVello did not receive an opportunity to present evidence regarding the underlying charges. We thus hold that Mr. ReVello has made allegations of a due process violation sufficient to preclude dismissal without further fact-finding.
 
 
 8
 Mr. ReVello's claims for violations of the First and Eighth Amendments were properly dismissed. Conclusory allegations are insufficient to state a claim under section 1983. Swoboda v. Dubach, 992 F.2d 286, 289-90 (10th Cir.1993). Because Mr. ReVello did not allege facts to support either a First Amendment claim or a claim of deliberate indifference to medical needs or cruel and unusual punishment under the Eighth Amendment, we hold that the district court correctly dismissed those claims.
 
 
 9
 We thus REVERSE and REMAND in part and AFFIRM in part.
 
 
 10
 BALDOCK, Circuit Judge, dissenting in part and concurring in part:
 
 
 11
 I concur in that portion of this court's order and judgment which affirms the dismissal of Plaintiff's First and Eighth Amendment claims. I respectfully dissent, however, to that portion of the court's opinion which concludes Plaintiff has stated a due process claim. Because I do not believe Plaintiff has stated a due process claim, I would affirm the trial court on all issues.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470