67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David L. BROWN, Jr., Plaintiff-Appellant,
v.
Dan REYNOLDS, Et al., Defendant-Appellees.
 No. 94-7159.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Brown, an inmate appearing pro se and in forma pauperis, appeals from the district court's dismissal of his claims pursuant to Rule 12(b)(6).
 
 
 2
 Mr. Brown initially brought this action under 42 U.S.C.1983 against Messrs. Reynolds, Chandler, and Ward, the warden and two prison guards at the Oklahoma State Penitentiary (OSP) where Mr. Brown was incarcerated. He sought compensatory and punitive damages as well as injunctive and declaratory relief for alleged constitutional violations occurring at OSP. Specifically, Mr. Brown claimed that (1) he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by the OSP guards by their "constant twisting, squeezing, and pulling of Plaintiff's hands, wrists, and fingers while Plaintiff was hancuffed," unnecessarily causing him great pain; (2) he was denied due process of law by being placed in restrictive housing during the investigation of charges; and (3) he was denied equal protection of the law. See I.R. docs. 10 & 24. The district court dismissed all three claims for failure to state a cause of action. See I.R. doc. 24.
 
 
 3
 The sufficiency of a complaint is a question of law which we review de novo. Lucero v. Gunter, 17 F.3d 1347, 1349 (10th Cir.1994). Examining the facts in the light most favorable to the plaintiff, Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991), we agree that the district court correctly dismissed Counts II and III. It appears that the plaintiff can prove no set of facts in support of either i) his claim of denial of due process and liberty, or ii) his claim of denial of equal protection, that would entitle the plaintiff to relief. See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991).
 
 
 4
 Count I, however, meets the minimum standards necessary for a well-pleaded complaint. Mr. Brown has recounted the facts surrounding his alleged injury from the "wristlock" procedure, as required of a pro se plaintiff. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Based on the record before us, including the discrepency regarding the administration of medical attention, see Aplee. Br. at 5; Aplt. Rep. Br. at 1, there exists at least the possibility that Mr. Brown can prove the facts in support of his claim. Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989). Additional facts are necessary to determine whether Mr. Brown was subjected to the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976). We therefore find that the district court erred in dismissing Count I, and we remand to the district court for further proceedings. The judgment is
 
 
 5
 AFFIRMED as to Count II and Count III. REVERSED and REMANDED as to Count I.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument