F I L E D
United States Court of Appeals
Tenth Circuit

AUG 11 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CALVIN L. ALEXANDER,

      Petitioner - Appellant,

v.

RON WARD,

      Respondent - Appellee.

No. 97-6318

(D.C. No. 97-CV-728-L)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

Petitioner Calvin L. Alexander seeks a certificate of appealability to appeal the

district court's decision denying his petition for a writ of habeas corpus filed pursuant to

28 U.S.C. § 2254. We conclude Petitioner has failed to make a substantial showing of the

denial of a constitutional right. Accordingly, we deny his request for a certificate of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this three-judge panel has determined that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

appealability and dismiss the appeal.

Petitioner is an inmate at the Oklahoma State Penitentiary in McAlester, Oklahoma. While incarcerated for another offense, Petitioner pled guilty to escaping from the Penitentiary in violation of Oklahoma law. As a result, the court sentenced Petitioner to five additional years imprisonment. Prior to pleading guilty to escape, prison officials revoked his good time credits and fined him $15 for the same conduct in an institutional disciplinary proceeding. Petitioner subsequently filed a § 2254 habeas corpus petition. Petitioner alleged that his conviction for escape violated his constitutional right to be free from double jeopardy because he was punished twice for the same crime. Petitioner argued that his conviction for escape violated the double jeopardy clause because prison officials revoked his good time credits and fined him $15 for the same conduct. Therefore, Petitioner argued that his counsel rendered constitutionally ineffective assistance by not raising the argument. Petitioner reiterates his arguments on appeal.

Petitioner's arguments are patently without merit. It is well settled that "[p]rison disciplinary hearings are not part of a criminal prosecution, and therefore do not implicate double jeopardy concerns." Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir. 1994). Thus, the district court's order denying Petitioner's § 2254 petition for a writ of habeas corpus is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4

2

(1983).  Because we conclude that Petitioner has not made a substantial showing of the denial of a constitutional right, we DENY his request for a certificate of appealability and DISMISS the appeal.  Petitioner's motion for leave to proceed in forma pauperis is DENIED as moot.


                                        Entered for the Court,


                                        Bobby R. Baldock
                                        Circuit Judge