166 F.3d 1220
 1999 CJ C.A.R. 125
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John H. CHAMBERS, Plaintiff-Appellant,
v.
COLORADO DEPARTMENT OF CORRECTIONS and Margaret Heil, in her
individual and official capacity, Defendants-Appellees.
 No. 97-1023.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1999.
 
 Before PORFILIO, HOLLOWAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 PORFILIO, J.
 
 
 1
 In this appeal, we revisit the Colorado Department of Corrections' (CDOC) classification of inmate John H. Chambers as a sex offender eligible to participate in the Sexual Offender Treatment Program (SOTP). In a prior appeal to this court, we rejected Mr. Chambers' pro se challenge to the CDOC's reduction of the amount of earned time credit he received because he refused to participate in the SOTP. In an unpublished order, we concluded because there is no constitutional right to good or earned time credit, Mr. Chambers' due process and equal protection claims posited on this non-protected interest must also fail. Chambers v. Bachicha, 39 F.3d 1191 (10th Cir.1994) (unpublished). In this case, Mr. Chambers, again proceeding pro se, challenged the classification itself, asserting under the factual circumstances of his case, the CDOC cannot classify him as an inmate in need of SOTP and then punish him for refusing to participate by reducing the number of earned time credits he may receive. To chart our way, the court ordered the appointment of counsel and defined his route to address the constitutionality of the Standardized Treatment Program for Sex Offenders, Colo.Rev.Stat. §§ 16-11.7-101--16-11.7-107 (1992) (the Act), as applied to Mr. Chambers. However, because the CDOC's response has overlaid an entirely different direction in our analysis, we must remand the case for an evidentiary hearing.
 
 
 2
 In 1985, Mr. Chambers was convicted of aggravated robbery and attempted theft and, because of prior convictions, sentenced as a habitual criminal to thirty-nine years' imprisonment. In 1992, Phyllis Bachicha, a newly assigned case manager, reviewed Mr. Chambers' CDOC file and discovered a police report indicating Mr. Chambers had been charged with first degree sexual assault in 1983. The case was dismissed without prejudice when the victim decided not to proceed.[1] Based on the report, Ms. Bachicha recommended Mr. Chambers for participation in the SOTP. Under the CDOC Risk Assessment Management Program Sex Offender Component, Mr. Chambers was judged eligible[2] to participate, and the Sex Offenders Treatment staff classified him S4 on the Sexual Violence Scale: "[i]ndividuals whose history indicates sexual assaults or deviance for which they may not have been convicted." However, CDOC did not accept Mr. Chambers in SOTP because he refused to admit to sexually assaultive behavior, a precondition to participation. As a consequence, Ms. Bachicha reduced the amount of earned time Mr. Chambers received from ten to seven days a month.
 
 
 3
 The action triggered three lawsuits. See Chambers v. Bachicha, 92-F-2238 (D. Colo. June 7, 1993), aff'd, 39 F.3d 1191 (10th Cir.1994) (unpublished) (Chambers I); Chambers v. Colorado Dept. of Corrections, 95 CV 8 (D.C., Lincoln County, June 13, 1995), aff'd, No. 95CA1248 (Colo.Ct.App. Apr. 18, 1996) (Chambers II). In the first federal action, Chambers I, Mr. Chambers, appearing pro se, alleged the classification made him ineligible to receive maximum earned time credits in violation of his rights to due process and equal protection and violated his privilege against self-incrimination. This court affirmed the dismissal upon the conclusion Mr. Chambers failed to assert a constitutional claim, the award of earned time credits being firmly vested within the CDOC's discretionary domain. In Chambers II, Mr. Chambers sought declaratory relief in state court challenging the CDOC's classifying him as a sexual offender but seeking the same goal, restoration of his maximum earned time credits. The Colorado Court of Appeals affirmed the state district court's dismissal based on res judicata.
 
 
 4
 In the present lawsuit, Mr. Chambers, again proceeding pro se, alleged he was improperly classified as a sexual offender, causing a violation of his equal protection and due process rights. Adopting the Magistrate Judge's Recommendation, the district court agreed res judicata did not bar Mr. Chambers' claim, stating "[i]t is clear from the record that his assertion that he should not be classified as an inmate in need of the SOTP has not been raised in previous lawsuits." Proceeding to address the merits, the district court rejected his equal protection and due process assertions, a newly raised gender discrimination claim, and an ex post facto argument. Mr. Chambers filed this appeal. CDOC did not appeal the court's refusal to dismiss the action based on res judicata. CDOC continues to argue res judicata bars the present action and appeal although it did not cross appeal the district court's contrary finding. Given the present state of the record but mindful CDOC may "defend its judgment on any ground properly raised below whether or not that ground was relied upon," Washington v. Confederated Bands and Tribes, 439 U.S. 463, 476 n. 20, 99 S.Ct. 740, 58 L.Ed.2d 740 (1979), we would await the trial court's clarification of the issue on the merits before we decide whether this action is barred by res judicata.
 
 
 5
 As noted, we appointed counsel to represent Mr. Chambers in this appeal to address the constitutionality of the Act's SOTP as applied to Mr. Chambers. Because the tangible consequence of Mr. Chambers' refusal to be classified as a sexual offender was the loss of three days of earned time credit per month, a deduction which apparently alters the date he becomes eligible for parole, our analysis remained focused on whether the classification triggered a protected liberty interest. Consequently, both parties filed supplemental briefs addressing whether Mr. Chambers' classification as a sexual offender violated the ex post facto clause and involved a protected liberty interest requiring some degree of due process before he can be classified as a sexual offender without a prior conviction for such an offense. The questions were spawned by a recent Ninth Circuit decision, Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir.1997), which held that a similar Hawaii statute conditioning parole on an inmate's signing a statement acknowledging he is a sex offender even if he has not been convicted of the offense imposed a significant stigmatizing consequence on the inmate. Hence, the label created "the kind of deprivations of liberty that require procedural protections." Id. at 829.
 
 
 6
 Poised to perform a similar analysis, we were told by appellee's counsel during oral argument the Act does not even apply. Instead, counsel asserted Mr. Chambers' disposition was triggered by internal CDOC policy. However, when asked what legal basis supported the CDOC's action, its counsel asserted CDOC was relying on two earned time credit statutes, one enacted in 1974, Colo.Rev.Stat. § 17-22.5-301, and a later one, Colo.Rev.Stat. § 17-22.5-406, enacted in 1990. Pressed, CDOC's counsel elected the latter earned time provision which permits a discretionary award of up to ten days per month. Based on § 17-22.5-406, CDOC counsel told us Ms. Bachicha merely reduced Mr. Chambers' earned time deductions from ten days to seven days, which, counsel then characterized, resulted simply in not accelerating the date of Mr. Chambers' parole eligibility as quickly as it had been advanced, but did not otherwise affect his eligibility for parole. Thus, CDOC counsel urged we look to CDOC policy to validate the classification and § 17-22.5-406 to define the consequences.
 
 
 7
 To support the classification factually, the CDOC filed a Martinez Report in 1995 and attached the affidavit of Margaret Heil, the administrator of the CDOC's SOTP. The Martinez Report summarily listed the criteria for treatment for all S-3's, S-4's, and S-5's in the SOTP and referenced portions of Ms. Heil's affidavit to respond to the due process and equal protection arguments. Ms. Heil attested to the factual basis of Mr. Chamber's classification, the police report, and the victim's affidavit stating she would not prosecute.[3] Ms. Heil averred CDOC "first identified [Mr. Chambers] within the DOC as having indications of sex offense behavior in December 29, 1987," and stated he has always been classified S-4 although he stated he was classified S-5, "an individual with past or current felony sexual offense convictions." The record before us does not contain any evidentiary testing of the facts asserted.[4]
 
 
 8
 Thus, we are unable to determine from this record whether the legal basis of Mr. Chambers' classification is the internal CDOC policy which may derive from the Act or the prior Sexual Offender Sentencing statute,[5] or is entirely of the CDOC's creation. We also lack any evidentiary basis of that classification to support Ms. Heil's statements. Consequently, without these tracks laid, we are lost to address the merits of this appeal. Indeed, before embarking on the questions presented, prudential concerns should always constrain our "reach[ing] constitutional questions in advance of the necessity of deciding them." Three Affiliated Tribes v. Wold Eng'g, 467 U.S. 138, 157, 104 S.Ct. 2267, 81 L.Ed.2d 113 (1984); see also Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not pass on questions of constitutionality ... unless such adjudication is unavoidable.").
 
 
 9
 We therefore remand this case to the district court to conduct an evidentiary hearing and make factual findings to assist in our resolution of Mr. Chambers' challenge to his SOTP classification. Although the CDOC represents it may classify each prisoner any way it chooses, we predicate our remand with the caution the sexual offender classification on its face implicates stigmatization concerns unlike, for example, classification of a prisoner in need of additional literacy training or classification recommending greater supervision based on contemporary observation of a prisoner's aggressive behavior. We trust exploration of these factual questions will elucidate the legal basis for Mr. Chambers' claims. Development of that record will direct our further review.
 
 
 10
 We thus REVERSE and REMAND.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 The Police Report indicated Mr. Chambers and the victim had been living together; the victim stated she had previously had sexual intercourse with Mr. Chambers; the two had been drinking together on the night of the alleged assault; and the victim's description of the manner of the assault could not be verified by the officer's inspection of the room. The physician who later treated the victim noted multiple fissures, anal tears, and bruises on the victim. Mr. Chambers insisted the sexual encounter was consensual
 
 
 [2]
 The record indicates that some individuals recommended for SOTP are found ineligible to participate but does not explain the basis for ineligibility in those instances
 
 
 [3]
 The victim stated, "If you let him back on the streets there will be another victim." At oral argument, counsel stated Mr. Chambers, then unrepresented, did not file a counter-affidavit
 
 
 [4]
 For example, the record contains a letter from Sandi Patrick-Hendricks, MSW Mental Health, in response to Mr. Chambers' request for information on SOTP. She prefaced the information provided by stating:
 Per our discussion yesterday, this information should inform you of the the [sic] recommendations for treatment and criteria for SOTP. This material is not taken from an operational policy, but is taken from the Sex Offender Treatment Program Plan.
 Exhibit D (italics added).
 
 
 [5]
 Under that statute, the definition of a sexual offender is confined to persons convicted of a sexual offense. Colo.Rev.Stat. § 16-13-202(4)