The Honorable Marti Crow State Representative, 41st District State Capitol, Room 284-W Topeka, Kansas 66612
Dear Representative Crow:
You request our opinion concerning whether the Fourth Amendment to the United States Constitution prohibits a juvenile intake and assessment worker (worker) from asking a juvenile in custody to submit to a urinalysis as part of the intake and assessment process.
The Commissioner of Juvenile Justice is authorized to establish a juvenile intake and assessment system and to contract with providers for such services.[1] After a juvenile is taken into custody pursuant to K.S.A. 1998 Supp. 38-1624, a worker interviews the juvenile and gathers certain information:
 "[The] juvenile intake and assessment worker shall collect the following information:
(1) A standardized risk assessment tool . . .;
(2) criminal history . . .;
(3) abuse history . . .;
(4) substance abuse history
 (5) history of prior community services used or treatments provided;
(6) educational history;
(7) medical history; and
(8) family history."[2]
The purpose of gathering such information is to aid the worker in determining whether to deliver the juvenile to a shelter facility pending adjudication, or release the juvenile to a parent or other adult with or without certain conditions of release.[3]
Presumably, if a juvenile had a history of substance abuse, one of the release conditions would be to obtain substance abuse treatment. If the juvenile were going to a shelter facility, a substance abuse problem could be a factor in determining which facility would be appropriate.
You indicate that you are aware of at least one judicial district where the workers ask every juvenile to undergo a urinalysis as part of the substance abuse history, regardless whether there is suspicion of a substance abuse problem. If the juvenile refuses, there are no consequences and the worker makes a release determination based upon the information provided. If the juvenile agrees to submit to a urinalysis, the results cannot be used against the juvenile in any proceeding.[4]
You are concerned that the Fourth Amendment may preclude such a request because the Amendment prohibits governmental officials from undertaking any search in the absence of individualized suspicion, except in certain limited circumstances.[5] A urinalysis is a search for purposes of the Fourth Amendment and therefore must be conducted in a reasonable manner.[6]
In Lucero v. Gunter,[7] a prisoner was asked to submit to a urinalysis for drug testing and refused. He was charged with disobeying a lawful order, found guilty and ordered to serve ten days in punitive segregation with a loss of good time credits. He filed suit claiming that his Fourth Amendment rights were violated when prison officials requested that he submit to a urinalysis. The 10th Circuit concluded that the prisoner had standing to raise a Fourth Amendment challenge because of the adverse consequences that resulted from his failure to accede to the request.
The case was remanded to determine whether the request was based on random selection [which the Court determined would not violate the Fourth Amendment] or was otherwise permissible under theFourth Amendment.
You indicate that there are no adverse consequences if a juvenile refuses to submit to a urinalysis and therefore, under the Lucero
holding, a juvenile would not have standing to raise aFourth Amendment challenge. Consequently, it is our opinion that in the absence of adverse consequences from refusing to submit to a urinalysis, a juvenile would not have standing to raise aFourth Amendment challenge. If adverse consequences should ensue from refusal, a court would determine whether the request to submit to a urinalysis was permissible under the Fourth Amendment.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 1998 Supp. 75-7024.
[2] K.S.A. 75-7023. (Emphasis added.)
[3] K.S.A. 75-7023(e).
[4] K.S.A. 75-7023(b).
[5] Chandler v. Miller, 520 U.S. 305, 117 S.Ct. 1295,137 L.Ed.2d 513 (1997).
[6] Lucero v. Gunter, 17 F.3d 1347 (10th Cir. 1994).
[7] Id.