David MARTEL, Plaintiff, Appellant,

v.

Mark FRIDOVICH, et al.,
Defendants, Appellees.

No. 93–1798.

United States Court of Appeals,
First Circuit.

Submitted Oct. 20, 1993.

Decided Dec. 8, 1993.

David M. Martel on brief pro se.

Scott Harshbarger, Atty. Gen., and Scott M. Davis, Asst. Atty. Gen., on Memorandum in Support of Motion, for Summary Affirmance, for defendants, appellees.

Before BREYER, Chief Judge,
TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Pro se appellant, David Martel, a patient at the Massachusetts Treatment Center for Sexually Dangerous Persons, alleges that the recently revised eligibility requirements for reintegrating Treatment Center patients into the community violate his rights under the federal constitution. He seeks declaratory and injunctive relief.[1] Appellees are officers and employees of the Commonwealth of Massachusetts. The district court dismissed Martel's complaint for failure to state a claim upon which relief can be granted. We affirm.

## Background

Martel is under commitment to the Treatment Center for a period of one day to life. He is also under a concurrent criminal sentence of imprisonment of 18–25 years. As a patient at the Treatment Center, Martel is entitled to mental health treatment and to be released when no longer sexually dangerous. Mass.Gen.L. ch. 123A § 9. Upon a determination that he is no longer sexually dangerous, he would be discharged from the Treatment Center and returned to the Department of Corrections to serve out any unexpired criminal sentence. *Id.* The Massachusetts Department of Mental Health is required to establish a program at the Treatment Center to provide "in a manner consistent with security considerations, for the restrictive integration of [a] patient into a noncustodial environment." Mass.Gen.L. ch. 123A, § 8. A patient will be eligible for this program only if, *inter alia,* "he will not present a danger to the community under the controls provided by the program." *Id.* Furthermore, under a partial consent decree first entered in 1975, the Department of Mental Health has agreed to develop a plan providing for adequate treatment for patients at the Treatment Center. Among other things, the Department has agreed to provide "for the day or other short-term release

of Treatment Center patients for approved programs outside the Treatment Center where such relief is deemed appropriate by the Department of Mental Health." *See Langton v. Johnston,* 928 F.2d 1206, 1228 (1st Cir.1991).

In 1991, in response to escapes by two residents from the program, the Department suspended the program for review to ensure consistency with both public safety and clinical concerns. As a result of the review, the Department adopted new rules for what is now called the Transition Program. Under these new rules, a resident, like Martel, who is under a criminal sentence and neither paroled to the Treatment Center nor eligible for parole, is ineligible to participate in the program. Martel asserts that these revised rules deprive him of his constitutional rights to due process and equal protection, and violate his constitutional right against ex post facto legislation.[2]

## Discussion

■ Martel has failed to allege sufficient facts to support a claim that either his substantive or his procedural right to due process has been violated. The revision of the program was not so "outrageous" as to constitute a violation of substantive due process. *See Amsden v. Moran* 904 F.2d 748, 754 (1st Cir.1990), *cert. denied,* 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). Since Martel concedes that he does not meet the eligibility requirements of the revised rules, he does not have any state created liberty interest in short-term release which would implicate the federal right to procedural due process.

■ Likewise, the revised rules are not in violation of the equal protection clause. The distinction in the revised rules between civilly committed patients under a criminal sentence and those who are not is rationally related to the legitimate state interest in ensuring the safety of the community. *See*

---

1. Martel has dropped all claims seeking monetary relief.

2. Martel also alleges that the Transition Program rules violate the eighth amendment prohibition against cruel and unusual punishment. This claim is without merit.

*Whiting v. Westerly,* 942 F.2d 18, 23 (1st Cir.1991).

Martel's allegation that the Transition Program rules violate the ex post facto clause of the Constitution fails because this clause pertains only to punishments inflicted by the government. *See, e.g., Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 325–26, 18 L.Ed. 356 (1867). The Transition Program rules, however, are not punitive but rather related to the state's concern for community safety. *See United States v. Halper,* 490 U.S. 435, 448, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989) (civil as well as a criminal sanction constitutes punishment only when it serves aims of retribution or deterrence). As regards Martel's allegation that he is being "punished" by being deprived of a previous right to participate in the short-term release program, insofar as this is an allegation that he is being deprived of the adequate treatment required by the constitution and the federal consent decree, we think this concern is best addressed through an action to enforce the consent decree since that decree " 'require[s] the provision of adequate treatment for [Treatment Center] patients' at a level [even] beyond that required by any applicable constitutional minima." *Langton,* 928 F.2d at 1217. Insofar as it is a allegation that he is being deprived of treatment beyond that required by the constitution and the consent decree, the revised rules are not punitive but the "revocation of a privilege voluntarily granted." *See Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 632,

**3.** We express no opinion as to whether or not Martel's participation in the release program is within the scope of treatment required by the constitution or the consent decree.

**4.** In his brief on appeal, and in a memorandum filed with the district court, Martel alleges that the Transition program rules violate both his constitutional right not to be subject to double jeopardy and the provisions of the federal consent decree under which the Treatment Center is operating. Neither claim was made in his original complaint. Even if we were to consider these issues to be properly before us, neither affects our judgment that the complaint was properly dismissed. The double jeopardy claim, like Martel's ex post facto claim, fails because the revised Transition rules are not punitive. *See, e.g., Helvering,* 303 U.S. at 399, 58 S.Ct. at 632.

82 L.Ed. 917 (1938).[3] As such, they do not implicate the ex post facto clause.[4]

*Affirmed.*

The appropriate vehicle for enforcement of the consent decree is an action for contempt brought before the court responsible for the decree. *See, e.g., DeGidio v. Pung,* 920 F.2d 525, 534 (8th Cir.1990); *Green v. McKaskle,* 788 F.2d 1116, 1123 (5th Cir.1986). Allowing the decree to be challenged through an individual action for declaratory and injunctive relief "would tend to discourage governmental authorities from entering into decrees in public law litigation, encourage the splintering of civil rights claims on an individual basis, and promote disrespect for judicial decrees duly entered following careful proactive review of the often complex mix of individual and institutional considerations involved in such litigation." *Miller v. Dept. of Correction,* No. 91–2183, slip op. at 15, 1993 WL 263112 (1st Cir., July 14, 1993).