**Anthony LUCERO, Plaintiff–Appellant,**

v.

**Frank GUNTER, Director Colorado Department of Corrections; Bob Furlong, Warden Limon Correctional Facility; Captain Nordeen; Endre Samu, Defendants–Appellees.**

No. 94–1527.

United States Court of Appeals, Tenth Circuit.

April 12, 1995.

Submitted on the briefs: *

Anthony Lucero, pro se.

Gale A. Norton, Atty. Gen., Simon P. Lipstein, Asst. Atty. Gen., Tort Litigation Div., Denver, CO, for defendants-appellees.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff Anthony Lucero, appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint following our remand in *Lucero v. Gunter,* 17 F.3d 1347 (10th Cir.1994). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The facts underlying this dispute are set forth in *Lucero,* 17 F.3d at 1348–49; however, we restate the facts relevant to the instant appeal. On the evening of October 22, 1992, Colorado Department of Corrections ("DOC") officials asked Plaintiff to submit to a urinalysis. Plaintiff refused to comply with the request and was subsequently charged with "disobeying a lawful order." On November 20, 1992, DOC officials found Plaintiff guilty of disobeying a lawful order, ordered him to serve ten days in punitive segregation, and assessed eighteen days loss of good time credits.

On February 3, 1993, Plaintiff filed a pro se civil rights complaint in the district court. Count I of the complaint alleged that DOC officials violated his Fourth, Fifth, and Sixth Amendment rights when they requested that

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

he submit to a urinalysis. Count II of the complaint alleged DOC officials violated Plaintiff's due process rights by failing to provide him with adequate notice of the charges against him prior to his disciplinary hearing. The district court dismissed Count I of Plaintiff's complaint and granted summary judgment in favor of Defendants as to Count II of the complaint.

On appeal, we affirmed the district court's dismissal of Plaintiff's Fifth and Sixth Amendment claims and grant of summary judgment as to Plaintiff's due process claim. *Lucero*, 17 F.3d at 1350–52. However, we reversed the district court's dismissal of Plaintiff's Fourth Amendment claim. *Id.* at 1350. Concluding that random urine testing of prisoners did not violate the Fourth Amendment, we remanded to the district court for a determination whether the urinalysis requested of Plaintiff was conducted pursuant to random selection or was otherwise permissible under the Fourth Amendment. *Id.*

Following our remand, Plaintiff filed a "Motion For Appointment of Counsel" pursuant to 28 U.S.C. § 1915(d) claiming that a mental impairment limited his ability to represent himself. On April 7, 1994, the district court denied the motion noting that "Plaintiff has shown, in fact, that he is quite capable of preparing cogent and well-researched briefs."

On April 18, 1994, Defendants filed a motion to dismiss Plaintiff's Fourth Amendment claim because the urinalysis request was the result of random selection. In support of this motion, Defendants submitted the affidavit of Captain Louis Nordeen, the officer who made the request. In his affidavit, Captain Nordeen stated that under prison policy, a list of prisoners selected randomly for urinalysis testing is provided to a day shift commander who attempts to complete the tests during the day shift. Testing which is not completed during the day shift is completed in the evening "swing" shift. Additionally, Captain Nordeen stated that on the day Plaintiff refused to provide a urine sample, two of six samples were requested on the swing shift and that to the best of his recollection, "the [urinalysis] test that was re-quested [of Plaintiff] . . . was conducted as a random test."

In response, Plaintiff contended that DOC officials requested a urinalysis for harassment purposes and because he was suspected of abusing drugs. Additionally, Plaintiff contended that random urine samples were collected only during the daytime. Because Officer Nordeen made the urinalysis request during evening hours, Plaintiff argued that the urinalysis request was not the result of random selection. In support of his argument, Plaintiff submitted the affidavit of Gregory Wells, an Inmate Representative. In his affidavit, Wells stated that customary prison practice did not provide for the collection of random urine samples during evening hours and that urine samples were collected in the evenings only to harass an inmate or when there was suspicion of drug or alcohol use.

Based upon the submissions before it, the district court granted Defendants' motion to dismiss. Specifically, the court held that the government produced sufficient evidence to indicate that Plaintiff "was randomly requested to provide a urine sample." Moreover, the court held that Plaintiff's evidence was insufficient for a reasonable factfinder to "conclude that the urine sample was requested on the basis of suspicion of drug and/or alcohol use, or for purpose[s] of harassing Plaintiff." This appeal followed.

On appeal, Plaintiff contends the district court erred by: (1) concluding the urinalysis request was based on random selection, and (2) denying his motion for appointment of counsel. We review each of Plaintiff's claims in turn.

I.

Plaintiff first contends the district court erred in dismissing his Fourth Amendment claim when it concluded the urinalysis request was based upon random selection. Specifically, Plaintiff contends he produced sufficient evidence indicating the request was made for harassment purposes.

## A.

As an initial matter we must determine our standard of review. The district court, upon the government's motion to dismiss under Fed.R.Civ.P. 12(b)(6), dismissed Plaintiff's Fourth Amendment claim. Plaintiff contends that the district court's dismissal of his Fourth Amendment claim pursuant to Fed.R.Civ.P. 12(b)(6) should be treated as one for summary judgment under Fed. R.Civ.P. 56 because matters outside the pleadings were received and considered. We review de novo the district court's treatment of the government's motion. *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir.1991).

"A motion to dismiss pursuant to Rule 12(b)(6) is treated as a [Rule 56] motion for summary judgment when premised on materials outside the pleadings, and the opposing party is afforded the same notice and opportunity to respond as provided in Rule 56." *Hall v. Bellmon*, 935 F.2d 1106, 1110–11 (10th Cir.1991). In the instant case, the district court considered materials outside the pleadings in the form of affidavits submitted by Defendants in ruling upon the motion to dismiss. Additionally, Plaintiff was afforded an opportunity to respond and submitted opposing affidavits in response to the government's motion. Accordingly, exercising our plenary power, we treat the district court's dismissal as a grant of summary judgment under Fed.R.Civ.P. 56. *See Redmon*, 934 F.2d at 1155.

We review the district court's grant of summary judgment de novo. *Eaton v. Jarvis Prods. Corp.*, 965 F.2d 922, 925 (10th Cir.1992). Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *Id.* We view the evidence and draw any inferences therefrom in the light most favorable to the party opposing summary judgment. *Id.*

## B.

Having determined our standard of review, we next address Plaintiff's contention that the district court erred in concluding the urinalysis request was based upon random selection. Courts which have addressed this issue have recognized that although random urine testing of inmates does not violate the Fourth Amendment, *see, e.g., Lucero*, 17 F.3d at 1350, the procedures for selecting inmates for testing must be truly random. *See Spence v. Farrier*, 807 F.2d 753, 755 (8th Cir.1986); *Storms v. Coughlin*, 600 F.Supp. 1214, 1223 (S.D.N.Y.1984). Selection procedures are not truly random and thus violate the Fourth Amendment when the procedures leave "the exercise of discretion as to selected targets in the hands of a field officer with no limiting guidelines." *Shoemaker v. Handel*, 795 F.2d 1136, 1143 (3d Cir.), *cert. denied*, 479 U.S. 986, 107 S.Ct. 577, 93 L.Ed.2d 580 (1986); *see Storms*, 600 F.Supp. at 1223 (enjoining procedure whereby watch commander is aware of the identity of the inmates to be tested while he is choosing them).

In the instant case, we conclude the government has demonstrated that the urinalysis request in question was based on random selection. The record indicates that the DOC selects inmates for testing pursuant to a computer-guided random selection procedure which produces a list of inmates. Once a list is formulated, shift commanders ensure that the selected inmates complete the tests. Furthermore, there is no evidence in the record that the official which selected Plaintiff for testing was aware of his identity during the selection process. *See Spence*, 807 F.2d at 754–55 (upholding procedure as random where inmates tested are chosen by unit managers who randomly pull cards from an index card file); *Shoemaker*, 795 F.2d at 1143 (upholding urine testing where the official conducting test had no discretion in selecting those to be tested).

Moreover, despite Plaintiff's contentions to the contrary, the fact that his urinalysis request was made during the evening does not indicate that the request was not truly random and made for harassment purposes. Rather, as Officer Nordeen stated, the urinalysis request was made during evening hours because the day shift manager was unable to complete all testing during the day shift. Under these circumstances, we

conclude the district court did not err in granting summary judgment in favor of Defendants as to Plaintiff's Fourth Amendment claim.

## II.

Plaintiff also contends the district court erred in denying his motion for appointment of counsel. "The district court is vested with broad discretion in determining whether to appoint counsel and '[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned.'" *DiCesare v. Stuart,* 12 F.3d 973, 979 (10th Cir.1993) (quoting *McCarthy v. Weinberg,* 753 F.2d 836, 839 (10th Cir.1985)). Here, the record amply demonstrates Plaintiff's ability to present his case. Consequently, the district court did not err in declining to appoint counsel.

AFFIRMED.