November 21, 1995 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2363
No. 95-1531
 SANTOS HUERTAS LABOY, ET AL.,

 Plaintiffs, Appellants,

 v.

 DR. LUIS RODRIGUEZ GONZALEZ, ET AL.,

 Defendants, Appellees.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., U.S. District Judge] 

 

 Before

 Lynch, Circuit Judge, 

 Watson, Senior Judge,* and  

 Campbell, Senior Circuit Judge. 
 

Rafael A. Oliveras Lopez de Victoria on brief for appellants. 
Gladys E. Guemarez and Carlos A. Ramos on brief for appellees. 

 

 

  

* Of the United States Court of International Trade, sitting by
designation.

 Per Curiam. Appellant Santos Huertas Laboy brought 

a malpractice action in the United States District Court for

the District of Puerto Rico against the physician allegedly

responsible for his mother's death and the physician's

insurance company. The insurance company was declared

insolvent and its responsibilities were assumed by appellee,

the Puerto Rico Miscellaneous Insurance Guaranty Association.

The district court held that appellant's claim against the

insurance company was time barred because the insurance

company was not notified of the claim within the policy

period. The physician's insurance policy was a "claims-made"

policy which only provides coverage for claims brought to the

attention of the insurer during the duration of the policy.

On appeal, appellant argues that the claims-made insurance

policy violates the Fifth and Fourteenth Amendments of the

United States Constitution and their counterparts in the

Commonwealth of Puerto Rico Constitution. 

 Because appellant has no fundamental right to bring

a claim against the physician's insurance company and because

the claims-made policy at issue did not impair any other

fundamental right and did not invoke a suspect

classification, we apply a rational basis standard of

scrutiny.1 See LCM Enters. v. Town of Dartmouth, 14 F.3d 

  

1. We need not decide whether there was the necessary "state
action" to underpin appellant's Constitutional challenge. 
Assuming arguendo there was, we nonetheless affirm. 

 -2-

675, 679 (1st Cir. 1994). The claims-made insurance policy

will therefore withstand Constitutional challenge if it is

rationally related to a legitimate state interest and neither

arbitrary, unreasonable, nor irrational. City of Cleburne v. 

Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). Both 

the Supreme Court of Puerto Rico and this court have found

that claims-made policies serve public interests. Torres v. 

Estado Libre Asociado de Puerto Rico, 92 JTS 68 (1992) 

(holding that claims-made policies do not violate public

policy); DiLuglio v. New England Ins. Co., 959 F.2d 355, 358 

(1st Cir. 1992) ("The elimination of 'claims-made' coverage

would exacerbate the existing crisis in professional

liability insurance coverage, or force significantly higher

premiums for assuming the increased risk"). We hold that the

claims-made policy satisfies rational basis scrutiny and

therefore affirm the district court's dismissal of

appellant's claim against the Puerto Rico Miscellaneous

Insurance Guaranty Association.

 We have considered appellant's other arguments and

find them to be similarly without merit.

 Affirmed. Costs to Appellee. Affirmed. Costs to Appellee 

 -3-