81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Bernardo FIGUEROA, Plaintiff, Appellant,
v.
George A. VOSE, Jr., et al., Defendants, Appellees.
 No. 95-2094.
 United States Court of Appeals,
First Circuit.
 March 27, 1996.
 
 Bernardo Figueroa on brief pro se.
 Michael B. Grant, Senior Legal Counsel, Rhode Island Department of Corrections, on Memorandum in Support of Motion for Summary Disposition, for appellees.
 Before TORRUELLA, Chief Judge. STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bernardo Figueroa, who is incarcerated in the Maximum Security prison at the Adult Correctional Institution in Rhode Island, appeals from the district court's dismissal of his suit against state prison officials under 42 U.S.C. § 1983. We affirm, substantially for the reasons given in the magistrate judge's report dated July 11, 1995, which the district court adopted as its decision. We add only the following comments.
 
 
 2
 1. Figueroa suggests that Sandin v. Conner, 115 S.Ct. 2293 (1995), would not bar his due process claims because the disciplinary decision against him could affect future classification or parole decisions. The chairman of the state parole board testified below that inmate misconduct is only one of the factors considered in granting or denying parole and that an inmate may explain adverse disciplinary decisions to the parole board. Thus, the disciplinary decision against Figueroa will not "inevitably" affect the length of his sentence and its existence does not give rise to a protected liberty interest. See id. at 2302 (dictum).
 
 
 3
 2. Although the complaint asserted that defendants had harassed Figueroa because of his race or for retaliatory reasons, Figueroa failed to raise that claim at the hearing before the magistrate. Nor did he raise it with sufficient clarity in his objections to the magistrate's report and recommendation. We therefore deem that claim abandoned. See Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir.1987) (per curiam).
 
 
 4
 3. The district court did not err in failing to address Figueroa's claim that defendants had violated the Morris v. Travisono consent decree. We have held that inmates may not bring individual section 1983 actions for injunctive or declaratory relief which are based on consent decree violations. See Martel v. Fridovich, 14 F.3d 1, 3 n. 4 (1st Cir.1993).
 
 
 5
 4. The magistrate judge was authorized to conduct all necessary hearings and to issue a report and recommendation for review by the district court, which he did. Because he was not authorized to and did not enter judgment in this case, the parties' consent was not required. See 28 U.S.C. § 636(b)(1)(B) & (c)(1).[1]
 
 
 6
 Affirmed.
 
 
 
 [1]
 We note one problem with Magistrate Judge Boudewyns' report and recommendation to the district court which does not affect the disposition of this appeal. At the end of his report, the magistrate judge stated that the "[f]ailure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court." In a footnote, he cites Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980), and United States v. Valencia-Copete, 792 F.2d 4 (1st Cir.1986) (per curiam). The quoted language accurately states our holding in Park Motor. But it does not encompass our holding in Valencia-Copete, where we directed all magistrates to include in their reports a notice that failure to timely object to a report would waive "the right to appeal the district court's decision." 792 F.2d at 6 (emphasis added). We reiterate that all magistrate judges in this Circuit are required to include in their reports the statement that failure to file specific objections to reports in a timely manner waives both the right to review by the district court and the right to appeal the district court's decision