89 F.3d 823
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Edward LOTHER, Plaintiff, Appellant,
v.
George A. VOSE, JR., et al., Defendants, Appellees.
 No. 95-2141.
 United States Court of Appeals,
First Circuit.
 June 25, 1996.
 
 Edward Lother on brief pro se.
 Jeffrey B. Pine, Attorney General, Thomas A. Palombo, Special Assistant Attorney General, Department of Attorney General, and David J. Gentile, Senior Legal Counsel, R.I. Department of Corrections, on brief for appellees.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 Having carefully examined the record in this case, we affirm the dismissal of appellant Lother's complaint, albeit for somewhat different reasons than those articulated below.
 
 
 2
 First, since both the Morris rules and the Rhode Island Administrative Procedure Acts are state laws, the alleged violation of either, in and of itself, is not a sufficient predicate to sustain a damage action under federal law. Complaints of such violations therefore should be directed to state court. Furthermore, insofar as appellant seeks injunctive or declaratory relief for alleged violations of the Morris rules, he is precluded by our prior holding that inmates may not bring individual section 1983 actions for injunctive or declaratory relief which are based on consent decree violations. See Martel v. Fridovich, 14 F.3d 1, 3 n. 4 (1st Cir.1993).
 
 
 3
 Second, Lother's allegation that his being required to provide a urine sample violated his Fourth Amendment rights is without merit. Urine tests of inmates may be searches for Fourth Amendment purposes. See, e.g., Lucero v. Gunter, 52 F.3d 874, 877 (10th Cir.1995); Forbes v. Trigg, 976 F.2d 308, 312 (7th Cir.1992), cert. denied, 507 U.S. 950 (1993); Spence v. Farrier, 807 F.2d 753, 755 (8th Cir.1986). Prisoners therefore may have a right not to be required to submit to unreasonable requests for urine tests. However, Lother claims only that the test in this case was conducted without a superior officer present. That fact may indicate a violation of the Morris rules; standing alone, however, it does not raise Fourth Amendment concerns.
 
 
 4
 Finally, even if we assume without deciding that Lother retains a liberty interest in preserving the good time credits he has earned or in not being deprived of his visitation privileges, Lother has still failed to allege sufficient facts to sustain a claim that his right to due process has been violated. Even read liberally, his complaint at most alleges that the disciplinary board which found him guilty of the drug violation "used inappropriate criteria to substanciate [sic][the] discipline report." While due process requires that a disciplinary board's finding of guilt be supported by "some evidence" in the record, Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985), Lother has only alleged that the drug test which led to the challenged disciplinary action was unsupported by a second test. Since he has not alleged that the test itself was false, he has not denied that "some evidence" exists to support the board's finding of guilt.
 
 
 5
 Affirmed. See 1st Cir. Loc. R. 27.1.