89 F.3d 824
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ike WEEMS, Plaintiff, Appellant,
v.
George A. VOSE, etc., et al., Defendants, Appellees.
 No. 95-2235.
 United States Court of Appeals, First Circuit.
 July 12, 1996.
 
 Ike Weems on brief pro se.
 Michael B. Grant, Senior Legal Counsel, Rhode Island Department of Corrections, on Memorandum in Support of Motion for Summary Disposition, for appellees.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Having carefully examined the record in this case, we affirm the dismissal of appellant Weems' complaint.
 
 
 2
 First, since the Morris rules are state law, an alleged violation of them, without more, is not a sufficient predicate to sustain a damage action under federal law. Complaints of such violations should be directed to state court. Furthermore, insofar as Weems seeks injunctive or declaratory relief for these alleged violations, he is precluded by our prior holding that inmates may not bring individual section 1983 actions for injunctive or relief which are based on consent decree violations. See Martel v. Fridovich, 14 F.3d 1, 3 n. 4 (1st Cir.1993).
 
 
 3
 Second, even if we assume without deciding that Weems' disciplinary hearings deprived him of a constitutionally protected liberty interest, Weems has still failed to allege sufficient facts to sustain a claim that his right to due process has been violated. Liberally construed, his complaint alleges: (1) that he was not provided sufficient notice of the charges prior to the disciplinary hearings; and (2) that the board's findings of guilt were not based on some evidence in the record. As to the first, Weems concedes that he received notice of the disciplinary reports at least 24 hours prior to the hearings and this is sufficient to satisfy due process. See Langton v. Berman, 667 F.2d 231, 234 (1st Cir.1981). As to the second, the record shows that in each instance the board relied on disciplinary reports which contained eyewitness accounts of the infractions with which Weems was charged. Moreover, Weems never controverted the essential factual allegations on which the board relied at the disciplinary hearing nor does he do so in his complaint. In these circumstances, the board's reliance on the written reports was proper and no due process violation occurred. See Forbes v. Trigg, 976 F.2d 308, 318-19 (7th Cir.1992) (finding no due process violation in similar circumstances), cert. denied, 507 U.S. 950 (1993).
 
 
 4
 Third, as the Supreme Court has recently made clear, the right of access to the courts is the "right to bring a grievance that the inmate wishe[s] to present." Lewis v. Casey, 1996 WL 340797, at * 5 (U.S. June 24, 1996). It is not a right "to litigate effectively once in court." Id. Thus, in order to prevail on his claim that his constitutional right was violated, Weems must show an "actual injury" by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance hindered his efforts to pursue a legal claim." Id. Not only has Weems alleged no such actual injury but the record makes clear that he was able to present his alleged grievances to the court and that, as a pro se plaintiff, his complaint was liberally construed. Thus, this claim is meritless.
 
 
 5
 Finally, essentially for the reasons given by the magistrate judge in his report and recommendation, dated September 29, 1995, Weems' allegation that the punishment assessed him violated his right to equal protection is without merit.
 
 
 6
 Affirmed. See 1st Cir. Loc. R. 27.1.