Fiorentino v. SSA                    CV-96-236-B    09/27/96

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Bobbie S. Fiorentino

     v.                                  Civil No. 96-236-B

Commissioner, New Hampshire
Department of Corrections, et al.



                          **O R D E R**

     Bobbie Fiorentino, proceeding pro se and in forma pauperis,

challenges the magistrate judge's recommendation to dismiss her[1]

civil rights claims for money damages against New Hampshire

prison officials and employees.  The magistrate conducted a

preliminary review of Fiorentino's pleadings pursuant to 28

U.S.C.A. § 1915(d) (as amended by Pub.L. 104-134, 110 Stat. 1321

(U.S. April 26, 1996)).  In an order dated July 2, 1996, the

magistrate determined that Fiorentino's First Amendment freedom

of expression and Eighth Amendment claims alleging denial of

_____

     [1]  As the magistrate judge has noted, the plaintiff uses
female pronouns to refer to herself in her pleadings, and
therefore the magistrate judge refers to the plaintiff as a
female.  For consistency only, and without making any finding as
to the plaintiff's gender or sexual identity, I too will refer to
the plaintiff as a female.

necessary medical care were not frivolous or meritless, but her claims for money damages should be dismissed because the defendants were entitled to qualified immunity. Fiorentino argues that the magistrate judge overlooked the fact that the defendants have been sued in both their official and individual capacities. She also objects to the dismissal of her individual capacity claims, alleging an Eighth Amendment violation. I review de novo those issues that a party specifically objects to in a magistrate judge's report and recommendation, 28 U.S.C.A. § 636(b)(1), and modify the magistrate judge's recommendation as follows.

A.   **Official Capacity Claims**

Fiorentino argues that her damage claims against prison officials in their official capacities are unaffected by defendants' qualified immunity claim. Although her contention is correct, monetary claims against state officials in their official capacities are barred by Eleventh Amendment immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n.10 (1989). Therefore, Fiorentino's official capacity claims for money damages are dismissed.

B.   **Eighth Amendment Claims**

Public officials performing discretionary functions are

2

entitled to qualified immunity from suit for violations of federal law "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The magistrate judge identified Fiorentino's asserted Eighth Amendment rights as rights to treatment for transsexuality and for a sinus condition. However, Fiorentino alleges more generally that she has been deliberately deprived of her right to treatment for a psychiatric condition involving her sexual drive, her obsessive aggressive sexual fantasies and behavior, her anger, anxiety, depression, and sleep deprivation and for her sinus condition. These allegations state a claim that the defendants violated her Eighth Amendment rights by being deliberately indifferent to her need for treatment of her serious medical and mental health needs. See Anderson v. Creighton, 483 U.S. 635, 640 (1987).

By October 1995, when Fiorentino arrived at the New Hampshire State Prison, it was clearly established that the Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious mental health or medical needs. Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991); see also Estelle v. Gamble, 429 U.S. 97, 102-06 (1976).

3

Deliberate indifference in the Eighth Amendment context requires subjective recklessness so that a prison official will be held liable if the official knows of and disregards an inmate's serious medical (or mental health) needs.  Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994).  A serious medical or mental health need exists if it is one "'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995) (quoting Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991)).

Fiorentino alleges[2] that when she arrived at the New Hampshire State Prison, she brought two medications that had been prescribed and provided by the Maine State Prison.  She alleges that Naldecon was prescribed to treat headaches and eye strain from a partial nasal blockage caused by an injury, which would otherwise need surgery.  She alleges that Medroxyprogesterone Acetate (Depo-Provera) was prescribed to reduce her sexual drive,

---

[2]  In evaluating Fiorentino's allegations, I consider both her original complaint and the amplification included in her amended complaint filed on July 19, 1996.

4

control her inappropriate obsessive aggressive sexual fantasies and behavior, and to relieve her anger, anxiety, depression, and sleep deprivation. On the day of her arrival at the New Hampshire State Prison, she alleges nurses told her that a New Hampshire Prison doctor had discontinued all of her prescription medications. She alleges that she was asked about her medications by prison personnel; that she named and spelled the medications, that she discussed her transsexualism; that she described her nasal injury, the resulting sinus condition, and her need for surgery or medication; that she explained the reasons for taking the psychiatric medications, as described above; and that she explained the effects of not taking the medications and that she was feeling the effects of not having her medications. Thus, Fiorentino's allegations construed broadly show that the prison was aware that she suffered from diagnosed mental health and sinus conditions that required prescribed treatment.

Fiorentino alleges that when a nurse made rounds on her tier, guards in riot gear held riot shields over the screening of her cell and that when she was taken out of her cell, she was handcuffed behind her back and escorted by guards in riot gear with shields. She also alleges that a guard told her that the

5

reason she was kept under strict security was because the prison was concerned that she would "go off" without her prescribed medications. Therefore, she has alleged facts that, if true, would support a finding that the defendants were aware that Fiorentino was likely to suffer serious injury if her psychiatric condition was left untreated.

She also has alleged facts showing that the prison failed to treat her for her psychiatric condition. She alleges that a prison doctor told her that there was no reason to take medication for her psychiatric condition. She alleges the medical staff prescribed and provided a reduced dosage of a generic form of the female hormone, which had been prescribed by the Maine State Prison medical staff as a psychiatric medication, to wean her from the medication because the New Hampshire Prison medical staff had determined that treatment to be in the best interest of Fiorentino's <u>physical</u> health without treating her <u>psychiatric</u> condition. Fiorentino's allegations sufficiently allege that the defendants were aware of her diagnosed psychiatric condition, knew of the substantial risk of harm if the condition were not treated, but nevertheless did not provide treatment. This is sufficient to state a claim alleging a violation of Fiorentino's clearly established rights under the

6

Eighth Amendment. Therefore, I do not adopt the magistrate judge's recommendation that this claim be dismissed. The defendants are free, however, to move for summary judgment based on qualified immunity at a later time if they can produce sufficient evidence to support such an assertion.

Fiorentino's allegations that the defendants were aware of a serious risk to her health if her sinus condition were not treated with the prescribed medication are less clear. Fiorentino alleges that she told the medical staff that she had a partial nasal blockage caused by an injury that the Maine prison medical staff had diagnosed as requiring surgery or treatment with prescribed medication. She alleges that the medical staff at the New Hampshire State Prison told her that she did not need medication or surgery, and instead provided a salt water nasal spray and suggested that she buy Tylenol to take for headaches. She informed them that their recommended regimen had been tried and did not work to alleviate her symptoms. It is unclear from her allegations what the defendants knew of the severity of her sinus condition or the risk attendant to the treatment they prescribed. See Estelle, 429 U.S. at 104 (intentional interference with prescribed treatment that causes unnecessary pain is sufficient for Eighth Amendment claim). Inmates are not

7

entitled under the Eighth Amendment to the treatment of their choice, <u>Ferranti v. Moran</u>, 618 F.2d 888, 890-91 (1st Cir. 1980), nor to be protected from mere negligence or medical malpractice, <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Watson v. Caton</u>, 984 F.2d 537, 540 (1st Cir. 1993); <u>Figueroa v. Vose</u>, 874 F. Supp. 500, 507 (D.R.I. 1994), <u>aff'd</u>, 66 F.3d 306 (1995). Nevertheless, because Fiorentino's claim is not clearly frivolous or meritless, and similarly because the defendants' are not clearly entitled to qualified immunity on the pleadings, I also reject the recommendation to dismiss Fiorentino's Eighth Amendment claim based on her sinus condition. As I noted above, the defendants may assert qualified immunity in a motion for summary judgment.[3]

C. **Effect of Transfer**

Since the magistrate issued his report and recommendation,

---

[3] Fiorentino also alleges in the context of her Eighth Amendment claim that the defendants violated the <u>Laaman</u> Consent Decree in their treatment of her. As a civil rights suit is not the appropriate means of enforcing a consent decree, to the extent she intends to bring such a claim, it is dismissed, and instead she must seek relief through an action for contempt before Senior Judge Devine. <u>See, e.g.</u> <u>Martel v. Fridovich</u>, 14 F.3d 1, 3 n.4 (1st Cir. 1993). As is discussed below, however, because Fiorentino is no longer an inmate at the New Hampshire State Prison, such a claim is now likely to be moot.

8

Fiorentino has been transferred back to the Maine State Prison.[4] As a result, her claims for declaratory and injunctive relief aimed at the conditions of her confinement at the New Hampshire State Prison are moot. See, e.g. Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996); Prins v. Coughlin, 76 F.3d 504, 505 (2d Cir. 1996); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). Accordingly, Fiorentino's requests for a temporary restraining order and preliminary injunction are denied.

### D. Summary

I adopt the magistrate judge's recommendation to dismiss Fiorentino's First Amendment claim for money damages against individual defendants as barred by qualified immunity. As I have dismissed Fiorentino's First Amendment claims against the defendants in their official capacities and her request for injunctive relief, her First Amendment claims are dismissed entirely. Fiorentino's Eighth Amendment claims against the defendants in their official capacities are dismissed. I do not

---

[4] Fiorentino has filed "Plaintiff's Response to Defendants Notice of Inmate Transfer" in which she contends that the defendants transferred her to Maine because of her demands and this legal action. To the extent Fiorentino intends to challenge her transfer to the Maine State Prison, she must amend her complaint to state this claim.

adopt the magistrate judge's recommendation to dismiss Fiorentino's Eighth Amendment claims against defendants in their individual capacities.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's objection to the magistrate judge's report and recommendation (document no. 10) is granted in part and the report and recommendation (document no. 9) is adopted as modified in this order.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 27, 1996

cc:  Bobbie S. Fiorentino, pro se

10