[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 96-1821

 RONALD L'HEUREUX,

 Petitioner,

 v.

 WALTER WHITMAN, WARDEN, ACI, ET AL.,

 Defendants, Respondents.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

Ronald L'Heureux on brief pro se. 
Elisabeth A. Wallace, Special Assistant Attorney General, on 
Memorandum in Support of Appellees' Motion to Dismiss Appeal or to
Summarily Affirm the Judgment Below, for appellees.

 

 OCTOBER 9, 1997
 

 Per Curiam. Appellant Ronald L'Heureux appeals the 

dismissal by the district court of his complaint alleging

violation of his civil rights and seeking to hold defendants

in contempt for violation of the Morris and DeFusco consent 

decrees. Having reviewed carefully the record in this case,

we vacate the dismissal in part and affirm it in part.

 The district court in the instant case based its

dismissal on the report and recommendation of the magistrate

judge. That report found that the complaint should be

dismissed for three separate reasons. None, however,

suffices to sustain dismissal of the entire complaint.

 First, the magistrate judge found that L'Heureux's

amended complaint violated a court order to file a short and

plain statement of his claim as required by Fed. R. Civ. P.

8(a) and that violation of that order supported dismissal.

Yet, while L'Heureux's complaint is indeed long (15

handwritten single spaced pages) and at many times rambling,

it sufficiently fulfills the purpose of Fed. R. Civ. P. 8(a)

so as not to be in violation of the previous court order.

The purpose of Fed. R. Civ. P. 8(a) is to give "fair notice

[to the defendants] of the claim asserted." See Simmons v. 

Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Dismissal is usually 

"reserved for those case in which the complaint is so

confused, vague, or otherwise unintelligible that its true

substance, if any, is well disguised." See Salahuddin v. 

 -2-

Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). L'Heureux's complaint 

seems to give fair notice of at least two claims, neither of

which appears frivolous on its face. First, he alleges

various violations of the DeFusco consent decree and seeks to 

have defendants held in contempt, the appropriate means for

seeking to enforce compliance with a consent decree. See 

Martel v. Fridovich, 14 F.3d 1, 3 n.4 (1st Cir. 1993). Also, 

he alleges several instances of defendants' retaliating

against him for the exercise of his right of access to the

courts. Therefore, dismissal of the complaint as a violation

of the order to comply with Rule 8(a) was improper. See 

Simmons, 49 F.3d at 88 ("Dismissal with prejudice was 

inappropriate because the amended complaint stated

nonfrivolous claims and sufficed to give notice of the

substance, and many of the details, of [defendant's]

claims.").

 The magistrate judge also recommended dismissal on the

ground that L'Heureux had not opposed defendants' motion to

dismiss. However, the local rule on which the magistrate

judge relied for his recommendation allows for granting an

unopposed order only when to do is "just." For the reasons

elsewhere in this opinion, we do not find that dismissal of

the entire complaint in this case to have been just.

 Finally, the magistrate judge recommended dismissal on

the basis of Fed. R. Civ. P. 12(b)(6). In particular, he

 -3-

found that some of L'Heureux's complaints repetitious of

claims in other suits and others too insubstantial to state a

claim for relief. Both grounds are sufficient for dismissing

most claims. In particular, L'Heureux's retaliation claim

appears duplicative of another case currently pending in

federal court and thus properly subject to dismissal. See, 

e.g., I.A. Durbin v. Jefferson National Bank, 793 F.2d 1541, 

1551 (11th Cir. 1986) ("it is well established that as

between federal district courts, the general principle is to

avoid duplicative litigation")(citing cases). However,

nothing in the record indicates that the alleged violations

of the consents decree are duplicative of claims in other

cases. Moreover, at least some of L'Heureux's claims of

consent decree violations seem supported with sufficiently

specific allegations to withstand dismissal under Rule

12(b)(6), at least without further explication by the

district court. 

 We of course hazard no opinion as to the merits of

L'Heureux's claims. 

 The order of dismissal is vacated as far as it relates 

to the claims of consent decree violations. The dismissal of

the other claims is affirmed. The case is remanded for 

further proceedings in accord with this opinion.

 -4-