USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1821 RONALD L'HEUREUX, Petitioner, v. WALTER WHITMAN, WARDEN, ACI, ET AL., Defendants, Respondents. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Ronald L'Heureux on brief pro se. ________________ Elisabeth A. Wallace, Special Assistant Attorney General, on ______________________ Memorandum in Support of Appellees' Motion to Dismiss Appeal or to Summarily Affirm the Judgment Below, for appellees. ____________________ OCTOBER 9, 1997 ____________________ Per Curiam. Appellant Ronald L'Heureux appeals the ___________ dismissal by the district court of his complaint alleging violation of his civil rights and seeking to hold defendants in contempt for violation of the Morris and DeFusco consent ______ _______ decrees. Having reviewed carefully the record in this case, we vacate the dismissal in part and affirm it in part. The district court in the instant case based its dismissal on the report and recommendation of the magistrate judge. That report found that the complaint should be dismissed for three separate reasons. None, however, suffices to sustain dismissal of the entire complaint. First, the magistrate judge found that L'Heureux's amended complaint violated a court order to file a short and plain statement of his claim as required by Fed. R. Civ. P. 8(a) and that violation of that order supported dismissal. Yet, while L'Heureux's complaint is indeed long (15 handwritten single spaced pages) and at many times rambling, it sufficiently fulfills the purpose of Fed. R. Civ. P. 8(a) so as not to be in violation of the previous court order. The purpose of Fed. R. Civ. P. 8(a) is to give "fair notice [to the defendants] of the claim asserted." See Simmons v. ___ _______ Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Dismissal is usually _______ "reserved for those case in which the complaint is so confused, vague, or otherwise unintelligible that its true substance, if any, is well disguised." See Salahuddin v. ___ __________ -2- Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). L'Heureux's complaint _____ seems to give fair notice of at least two claims, neither of which appears frivolous on its face. First, he alleges various violations of the DeFusco consent decree and seeks to _______ have defendants held in contempt, the appropriate means for seeking to enforce compliance with a consent decree. See ___ Martel v. Fridovich, 14 F.3d 1, 3 n.4 (1st Cir. 1993). Also, ______ _________ he alleges several instances of defendants' retaliating against him for the exercise of his right of access to the courts. Therefore, dismissal of the complaint as a violation of the order to comply with Rule 8(a) was improper. See ___ Simmons, 49 F.3d at 88 ("Dismissal with prejudice was _______ inappropriate because the amended complaint stated nonfrivolous claims and sufficed to give notice of the substance, and many of the details, of [defendant's] claims."). The magistrate judge also recommended dismissal on the ground that L'Heureux had not opposed defendants' motion to dismiss. However, the local rule on which the magistrate judge relied for his recommendation allows for granting an unopposed order only when to do is "just." For the reasons elsewhere in this opinion, we do not find that dismissal of the entire complaint in this case to have been just. Finally, the magistrate judge recommended dismissal on the basis of Fed. R. Civ. P. 12(b)(6). In particular, he -3- found that some of L'Heureux's complaints repetitious of claims in other suits and others too insubstantial to state a claim for relief. Both grounds are sufficient for dismissing most claims. In particular, L'Heureux's retaliation claim appears duplicative of another case currently pending in federal court and thus properly subject to dismissal. See, ___ e.g., I.A. Durbin v. Jefferson National Bank, 793 F.2d 1541, ____ ___________ _______________________ 1551 (11th Cir. 1986) ("it is well established that as between federal district courts, the general principle is to avoid duplicative litigation")(citing cases). However, nothing in the record indicates that the alleged violations of the consents decree are duplicative of claims in other cases. Moreover, at least some of L'Heureux's claims of consent decree violations seem supported with sufficiently specific allegations to withstand dismissal under Rule 12(b)(6), at least without further explication by the district court.  We of course hazard no opinion as to the merits of L'Heureux's claims.  The order of dismissal is vacated as far as it relates _______ to the claims of consent decree violations. The dismissal of the other claims is affirmed. The case is remanded for ________ further proceedings in accord with this opinion. -4-