**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PHIL GIVENS; FRANK JONES;
RICK WILKERSON,

        Plaintiffs-Appellants,

v.

DAN GLICKMAN, individually and in
his official capacity as the United
States Secretary of Agriculture;
GRANT BUNTRUCK, individually
and in his official capacity as the
National Administrator for the Farm
Service Agency aka Farm Service
Agency; PAUL JOHNSON,
individually and in his official
capacity as National Administrator for
the Natural Resources Conservation
Service; JOHN STINSEL, individually
and in his official capacity as Deputy
Director of Farm Services Agency aka
Farm Services Agency; PEARLIE
REED, individually and in his official
capacity as Associate Chief of the
Natural Resources Conservation
Service aka Natural Resources
Conservation Service; TERRY
PEACH, individually and in his
official capacity as Farm Service
Agency, Executive Director for the
State of Oklahoma aka Farm Service
Agency aka The State of Oklahoma;
RON CLARK, individually and in his
official capacity as Southwest

97-7069
(E. Dist. of Oklahoma)
(D.C. No. 96-CV-647-S)

Regional Director of the Natural Resources Conservation Service; STAR BRYANT, individually and in his official capacity as the Southwest Regional Director of the Farm Service Agency aka Farm Service Agency; JUDY JOHNSON, individually and in her official capacity as Regional Conservationist of the Natural Resources Conservation Service aka Natural Resources Conservation; TINA NUCKOLS, individually and in her official capacity as District Director Farm Service Agency aka Farm Service Agency; LES CONNOR, individually and in his official capacity as District Director of the Natural Resources Conservation Service aka Natural Resources Conservation Service; MARTY DAUGHERTY, individually and in his official capacity as County Executive Director Farm Service Agency aka Farm service Agency; SCOTT PACE, individually and in his official capacity as County Executive Director of Natural Resources Conservation Service aka Natural Resources Conservation Service; TED PATTERSON, individually and in his official capacity as the Native American Coordinator for Farm Service Agency aka Farm Service Agency; WILLIE D. COOK, individually and in his official capacity as Civil Rights and Small Business Director for the Farm Service Agency aka Farm Service Agency; TOM WEBER, individually and in his

official capacity as Deputy Chief of
Natural Resources Conservation
Service Programs; JIM SPEARS,
individually and in his official
capacity as County Executive Director
Farm Service Agency, aka Farm
Service Agency,

Defendants-Appellees.

---

### ORDER AND JUDGMENT[*]

---

Before **BALDOCK, EBEL**, and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiffs-Appellants Phil Givens, Frank Jones, and Rick Wilkerson appeal the district court's dismissal of their civil rights complaint brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988, and 2000(d). The complaint named seventeen federal officials, including the Secretary of Agriculture and high-ranking officials of the Farm Service Agency and the Natural Resources

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

Conservation Service. The district court dismissed the complaint on the grounds that the plaintiffs "failed to allege specific, substantial, and relevant facts as to how any of these defendants deprived a plaintiff or plaintiffs of their constitutional rights of due process and/or equal protection of the law." Dist. Ct. Order at 4. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

This court reviews *de novo* a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995).

At the heart of the dispute between the parties on appeal is the following legal question: is a civil rights complaint against a government official under 42 U.S.C. § 1983 or a federal official under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), subject to a heightened pleading standard? The appellants argue that the Supreme Court rejected such a standard in *Leatherman v. Tarrent County*, 113 S. Ct. 1160 (1993). The appellants move on to argue that their complaint is clearly sufficient under the general liberal pleading requirements set out in Federal Rule of Civil Procedure 8.

The problem with appellant's argument, as pointed out by the appellees, is that *Leatherman* court limited its abrogation of the heightened pleading standard to those cases involving municipal liability. In fact, the *Leatherman* court

4

specifically stated: "We . . . have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving government officials." *Id.* at 166-67. In response to this language in *Leatherman*, this court has expressly indicated that it will continue to apply a heightened pleading requirement in cases involving individual government officials. *Breidenbach v. Bolish*, 126 F.3d 1288, 1292 n.2 (10th Cir. 1997). Accordingly, appellants' argument that their complaint should be viewed under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8 is without merit.

Having concluded that the district court employed the proper standard in determining whether appellants civil rights complaint sufficiently stated a claim for relief, this court **affirms** the district court's conclusion that appellants' complaint was insufficiently specific under the heightened pleading standard for civil rights claims against government officials for substantially the reasons set forth in the district court's Memorandum and Order dated July 5, 1997.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge