**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FEB 9 1999**

**TENTH CIRCUIT**

JOE T. BELL,

      Plaintiff - Appellant,

v.

JOHN WHETSEL; SGT. WADE,

      Defendants - Appellees.

No. 98-6050
(D.C. No. 97-CV-795)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Joe Thomas Bell appeals the district court's dismissal of his 42 U.S.C. §
1983 claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

In 1996 appellant Bell, an inmate at the Oklahoma Detention Center, filed a
suit under 42 U.S.C. § 1983, complaining about prison conditions. The district
court dismissed the suit because of Bell's failure to pay the initial filing fee. Bell
claimed that appellees negligently caused the dismissal of his suit by failing to pay

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

the required fee with funds from his prison account. He thus filed another suit under § 1983, asserting a violation of rights protected by the First, Eighth, and Fourteenth Amendments. The magistrate judge recommended a dismissal of Bell's complaint, finding that to the extent his suit was founded on a negligence theory, he had failed to state a claim upon which relief could be granted. The magistrate also concluded that Bell suffered no prejudice as a result of appellees' alleged negligence because this court had ordered a reinstatement of his earlier suit. See Bell v. Whetsel, 1997 WL 639319 at *1 (10th Cir. Oct. 14, 1997); see R. doc. 31 at 1-4. Bell filed an untimely motion objecting to the magistrate's recommendation. The court denied the motion, construing it as an order to vacate its adoption of the magistrate's recommendation.[1] See R. doc. 37.

We review de novo a district court's dismissal of a civil rights suit for failure to state a claim upon which relief can be granted. See Lucero v. Gunter, 52 F.3d 874, 877 (10th Cir. 1995). Proof that a prison official "acted intentionally or with deliberate indifference" is necessary to sustain a suit under 42 U.S.C. § 1983. Treff v. Galetka, 74 F.3d 191, 195 (10th Cir. 1996).

---

[1] Appellees argue that this court is without jurisdiction because Bell appeals a magistrate's recommendation, which they assert is not a final decision of a district court under 28 U.S.C. § 1291. However, under our rule of liberal construction of pro se pleadings, we conclude that Bell's docketing statement was the "functional equivalent" of a notice of appeal, challenging the district court's adoption of the magistrate's recommendation and denial of Bell's motion to vacate. Smith v. Barry, 502 U.S. 244, 248-49 (1992).

Assuming Bell can overcome his failure to file a timely objection to the magistrate's recommendation, he fails to state a cognizable cause of action. Bell's complaint did not allege that appellees acted intentionally or with deliberate indifference. He claimed they were grossly negligent. However, "[m]erely characterizing the negligence as 'gross' does not change its essential character. . . . Neither simple nor gross negligence implies an intentional and deliberate violation of constitutional rights, and consequently neither form of negligence satisfies the scienter requirement of § 1983." Woodward v. City of Worland, 977 F.2d 1392, 1399 n.11 (10th Cir. 1992).

Even if Bell's complaint is liberally construed as alleging deliberate indifference, he fails to allege how appellees' conduct could have caused the dismissal of his suit. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) ("causation is an essential element of a section 1983 cause of action"). The district court ordered Bell to pay an initial five dollar filing fee by January 11, 1997, or show good cause for the failure to pay. According to Bell, it was not until or immediately after January 11, 1997 that he requested appellees to pay the filing fee. See Appellant's Br. at 1. Therefore, appellees' delay in paying the fee

could not have caused Bell to miss the January 11, 1997 deadline.[2]

    AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2] To the extent Bell asserts an access to courts claim, he also fails to show how he was prejudiced by appellees' conduct.  See Galetka, 74 F.3d at 194.