**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LARRY DON SHELTON,

    Plaintiff-Appellant,

    v.

PITTSBURG COUNTY BOARD OF
COMMISSIONERS, also known as
Pittsburg County District Court,
District One; PITTSBURG COUNTY
BOARD OF COMMISSIONERS, also
known as Pittsburg County District
Court, District Two; PITTSBURG
COUNTY BOARD OF
COMMISSIONERS, also known as
Pittsburg County District Court,
District Three; OKLAHOMA
DEPARTMENT OF HUMAN
SERVICES; COLLEEN SHELTON;
JOHN DOES, any and all other
persons not known who may become
known later,

    Defendants-Appellees.

No. 97-7046
(D.C. No. 97-cv-71-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Larry Don Shelton appeals the dismissal of his 42 U.S.C. § 1983 claims against the County Commissioners of Pittsburg County, Oklahoma, the Oklahoma Department of Human Services, and Colleen Shelton. We affirm.

We reject plaintiff's assertion that dismissal of his claims denied his Seventh Amendment right to a jury trial. Dismissal of claims before trial does not deny a litigant the right to a jury trial. The right to jury trial in a civil action exists only where there is some genuine issue of material fact to be determined. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979); Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990). Dismissal of a complaint determines issues of law, not issues of fact. See Lucero v. Gunter, 17 F.3d 1347, 1349 (10th Cir. 1994).

Plaintiff's assertion that dismissal of his claims denied his First Amendment right to petition the government for redress of grievances is also without merit.

-2-

The only means by which a party may petition the courts for redress is through compliance with the federal rules of procedure. These rules have been carefully drawn to aid the courts in their determination of justice, and the courts must comply with the rules to fulfill their constitutional role. United States v. Michigan, 460 F. Supp. 637, 639 (W.D. Mich. 1978). The district court read plaintiff's complaint and the motions and briefs concerning his claims. Plaintiff was not prevented from expressing his views in this action.

The district court properly dismissed plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Although we construe pleadings of pro se litigants liberally, mere conclusory allegations without supporting factual averments are not sufficient to state a claim upon which relief can be granted. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). Plaintiff alleged no facts in his complaint to support his claims and, even construed liberally, the complaint does not state any claim upon which relief can be granted. Plaintiff's assertion that the court gave no reason for dismissing any claims against Colleen Shelton is unfounded because he alleged no facts supporting a claim against her. His assertion that dismissal of his claims violates the Supremacy and Oath of Office Clauses of the Constitution is also without merit. He has not shown that dismissal violated the Constitution or the laws of the United States.

We do not reach any other issues raised by plaintiff because he failed to allege any facts supporting any claims against any of the defendants. Even if he were to prevail on a particular issue, his failure to allege any facts justified dismissal of his complaint.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge