**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LARRY DON SHELTON,

   Plaintiff - Appellant,

  v.

FRANK H. SEAY, United States
District Judge for the Eastern District
of Oklahoma,

   Defendant - Appellee.

No. 99-7020
(D. Ct. No. 98-CV-556-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

---

  After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

  Appellant Shelton, pro se, was the plaintiff in a lawsuit before the

Honorable Frank H. Seay, a United States district court judge.  Judge Seay

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissed Shelton's case and Shelton appealed, alleging various constitutional and civil rights violations. We affirmed, holding that (1) the district court properly dismissed Shelton's claims under Fed. R. Civ. P. 12(b)(6) and (2) the district court's dismissal did not violate Shelton's First Amendment right to petition the government for redress of grievances or his Seventh Amendment right to a jury trial. Shelton v. Pittsburg County Bd. of Comm'rs, No. 97-7046, 1997 WL 464828 (10th Cir. Aug. 12, 1997), cert. denied, 118 S. Ct. 861 (1998).

Shelton then filed the instant suit against Judge Seay, and the district court granted him in forma pauperis status. Shelton alleges that Judge Seay violated his civil rights under 42 U.S.C. § 1983 by (1) dismissing Shelton's underlying claim without a proper hearing; (2) allegedly stating to Shelton that Shelton was not in a J.P. court, Shelton did not have any constitutional rights, and the defendant had not been served; and (3) failing to maintain a public record of the hearing on Shelton's underlying claim. Shelton requests injunctive relief and attorney's fees. The district court raised sua sponte the affirmative defense of absolute judicial immunity and dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Shelton now appeals the district court's dismissal of his complaint. In addition, Shelton again claims that Judge Seay's dismissal of his underlying claim without a hearing or a trial violated his First and Seventh Amendment rights. We affirm.

We review a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion, Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997), and liberally construe Shelton's pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972). 28 U.S.C. § 1915(e)(2)(B)(i) provides that a court shall dismiss a suit filed by a plaintiff proceeding in forma pauperis at any time if the court finds that the suit is frivolous. An in forma pauperis suit is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In determining whether a suit is frivolous, a district court may consider an affirmative defense sua sponte "when the defense is 'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995) (quoting Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987)).

In this case, Judge Seay's affirmative defense of absolute immunity is obvious from the face of Shelton's complaint. Therefore, the district court properly raised the defense sua sponte and concluded that Shelton's suit lacks an arguable basis in law. Shelton's complaint for injunctive relief and attorney's fees under 42 U.S.C. § 1983 arises entirely from Judge Seay's performance of his duties as a federal judge. Injunctive relief is not available against a judicial officer under 42 U.S.C. § 1983 "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief

was unavailable." Here, nothing in Shelton's complaint or the record suggests that Judge Seay violated a declaratory decree or that declaratory relief was unavailable. Thus, the district court did not abuse its discretion in finding that Shelton's claim for injunctive relief is frivolous and must fail as a matter of law.

Furthermore, 42 U.S.C. § 1988(b) precludes the award of attorney's fees against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless such action was clearly in excess of such officer's jurisdiction." Nothing in Shelton's complaint or the record suggests that Judge Seay acted in excess of his jurisdiction. Thus, the district court did not abuse its discretion in finding that Shelton's claim for attorney's fees also must fail.

Shelton asserts on appeal that Judge Seay's dismissal of his underlying claim without a hearing or a trial violated his First and Seventh Amendment rights. Shelton raised these claims in his underlying lawsuit, and we held that they were without merit in Shelton v. Pittsburg County Bd. of Comm'rs, No. 97-7046, 1997 WL 464828 (10th Cir. Aug. 12, 1997), cert. denied, 118 S. Ct. 861 (1998). Consequently, these claims are precluded by the doctrine of res judicata. See Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir. 1993).

AFFIRMED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge